UNITED STATES of America, Plaintiff,

v.

Michael C. LEONARD, Kathleen Shedlarski, Thomas Shedlarski and Hartford Insurance Group, Defendants.

No. Civ–76–70.

United States District Court,
W. D. New York.

March 16, 1978.

Richard J. Arcara, U.S. Atty., Buffalo, N.Y. (Theodore J. Burns, Asst. U.S. Atty., Buffalo, N.Y., Jerome T. Levy, Acting Regional Atty., Barry J. Reiber, and Winifred M. Nash, Asst. Regional Attys., Dept. of Health, Education and Welfare, New York City, of counsel), for the Government.

Dennis Denny, Buffalo, N.Y., for defendant Michael C. Leonard.

Smith, Murphy & Schoepperle, Buffalo, N.Y. (Frank G. Godson, Buffalo, N.Y., of counsel), for defendants Kathleen Shedlarski, Thomas Shedlarski & Hartford Insurance Group.

CURTIN, Chief Judge.

The United States brings this action under the Federal Medical Care Recovery Act, 42 U.S.C. § 2651, and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Government seeks to recover the reasonable value of medical care and treatment furnished to defendant Michael Leonard at the Government's expense and, in addition, requests a permanent injunction against defendant Leonard instituting or pursuing any action against defendant Hartford Insurance Group for the value of said care. In the alternative, the Government claims that it is entitled to recover its expenses under Leonard's automobile insurance policy.[1]

The facts can be briefly stated. On February 6, 1975, defendant Leonard, a member of the United States Coast Guard, was injured when the automobile he was driving was struck by another vehicle driven by defendant Kathleen Shedlarski. Since Leonard's injuries were sustained in the line of duty, the United States was authorized and required, pursuant to 42 U.S.C. § 253(a), to furnish him medical care and treatment. The expenses incurred by the United States for said care, as of November 26, 1975, amounted to $4,490.

Defendant Hartford Insurance Group was the insurer of both defendant Leonard and, under her husband's policy, Kathleen Shedlarski. Leonard filed a claim with Hartford for his medical costs and lost earnings. In September 1975, Hartford paid Leonard's claim for 80% of his lost earnings for the period February 6 through September 3, 1975, but refused to pay for the reasonable value of his medical care. Pursuant to New York Insurance Law § 675(2), Leonard commenced arbitration proceedings in October of 1975 against Hartford, claiming recovery of the cost of his medical care. With the consent of all the parties, this court ordered a temporary stay of said arbitration proceedings.

On December 16, 1975, the Department of Health, Education and Welfare [HEW] submitted a claim to Hartford for $4,490 in accordance with the Medical Care Recovery Act. Hartford admits liability for the $4,490, but is uncertain whether that sum is owed to the Government or to Leonard, and so has refused to honor either claim. The United States instituted this action on February 18, 1976.

The Medical Care Recovery Act [MCRA] states in pertinent part:

In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment . . . to a person who is injured . . . *under circumstances creating a tort liability upon some third person* . . . to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished . . . and shall, as to this right be subrogated to any right or claim that the injured . . . person . . . has against such third

---

1. In a decision dated August 23, 1977, the court held that the United States was entitled to recover from Hartford the cost of medical services as a third-party beneficiary of Leonard's automobile insurance policy. This decision was based on the erroneous assumption that Leonard's policy included a standard provision for payment of medical expenses entitled "Coverage B—Medical Payments." When the court was informed of this error, it agreed to reconsider its August 23 decision.

person to the extent of the reasonable value of the care and treatment so furnished. (Emphasis added).

■ The purpose of the MCRA was to avoid windfall recoveries to accident victims who were immune from a Government suit under *United States v. Standard Oil Co.,* 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947). *See United States v. Jones,* 264 F.Supp. 11 (E.D.Va.1967). In other cases, the value of the services performed at Government expense became a windfall for the third party tort-feasor or his insurance company since the injured person could not recover for expenses that he had not incurred. *See United States v. York,* 398 F.2d 582, 583 (6th Cir. 1968).

It is undisputed that the Government bore the full cost of Mr. Leonard's medical care, and that he incurred no expense whatsoever for the medical services provided him. The initial question in this case is whether the New York no-fault statute has so altered New York Insurance Law as to eradicate the Government's § 2651 claim. Leonard argues that the New York statute, § 673(1), by eliminating tort liability for basic economic loss up to a $50,000 amount, has "so changed the perches that there is no where [sic] for the federal eagle to roost" (defendant Leonard's Memorandum at 7) under § 2651. The Government argues that "tort liability remains the gravamen of the action" (Brief for the Government at 14), because § 674(1) provides:

Any insurer liable for the payment of first party benefits to or on behalf of a covered person shall have the right to recover the amount of such benefits so paid from the insurer of any other covered person *if and to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law.* (Emphasis added).

The Government's position draws substantial support from those cases which have held that the MCRA "confers on the United States an independent right of recovery which is unimpaired by the vagaries" of certain state laws. *See United States v. Moore,* 469 F.2d 788, 790 (3d Cir.), *cert. denied,* 411 U.S. 905, 93 S.Ct. 1528, 36 L.Ed.2d 195 (1975) (Maine inter-spousal immunity law). *See also United States v. Haynes,* 445 F.2d 907 (5th Cir. 1971) (Louisiana community property law); *United States v. Forte,* 427 F.Supp. 340 (D.Del. 1977) (Delaware guest statute); *Government Employees Insurance Co. v. Bates,* 414 F.Supp. 658 (E.D.Ark.1975) (Arkansas guest statute).

However, in those cases cited there was no dispute regarding the negligence of the driver in question. In this case, as far as the record shows, the question of Kathleen Shedlarski's negligence has not been determined.

■ It is unnecessary to resolve the uncertainties regarding the relation of the MCRA and the New York no-fault law, however, because the court is persuaded that the United States is entitled to recover directly under the no-fault provisions of Leonard's policy.

Section 672(1) of the New York Insurance Law requires every automobile insurance policy to provide compensation for "basic economic loss" resulting from injuries arising out of the use or operation of the automobile in the state, regardless of fault.[2] Basic economic loss is defined to include medical expenses of up to $50,000 per person. N.Y.Ins.L. § 671(1). Compensation for basic economic loss is payable out of first party benefits, which are defined as "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a

---

**2.** Section 672(1) provides in pertinent part as follows:

Every owner's policy of liability insurance issued on a motor vehicle in satisfaction of the requirements of articles six or eight of the vehicle and traffic law shall also provide

for . . . the payment of first party benefits to: (a) persons, other than occupants of another motor vehicle, for loss arising out of the use or operation in this state of such motor vehicle . . . . .

motor vehicle in this state," less certain deductions not applicable here. *Id.* § 671(2).

In accordance with this statutory scheme, defendant Leonard's policy provides as follows:

*Mandatory Personal Injury Protection*

The Company will pay first party benefits to reimburse for basic economic loss sustained by an eligible injured person on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle. This coverage applies only to motor vehicle accidents which occur during the policy period and within the State of New York.

In this case, it is undisputed that Leonard is an eligible injured person and that his injuries were caused by an accident arising out of the use or operation of a motor vehicle in New York State. It is also clear that the medical and hospital expenses claimed by the United States fall within the statutory definition of "basic economic loss." These facts are conceded by Hartford, which admits its liability for the expenses under this provision of the insurance contract. The sole question is whether the contract obligation runs to the United States or to Leonard.

■ The language of the policy does not limit the right to reimbursement to the person sustaining the injury. A fair and sensible interpretation is that the right to reimbursement extends to whomever incurs the expense on behalf of the eligible injured person. Although the injured person is normally the same as the one who incurs the expense, in some instances, as this case demonstrates, the two are different. Since the United States incurred the expenses on Leonard's behalf, I find that the United States is the beneficiary of the policy, and is entitled to recover the first party benefits from Hartford.

This interpretation of the policy is consistent with the New York Insurance Law. The only class of persons specifically excluded from receipt of first party benefits are the occupants of another vehicle. N.Y. Ins.L. § 672(1). Apart from this limitation, any person is entitled to reimbursement out

of first party benefits, so long as the loss qualifies as basic economic loss and is sustained "on account of personal injury arising out of the use or operation of a motor vehicle in this state." *Id.* § 671(2). The statute does not require that the person injured be identical to the person incurring the expense as a result of the injury.

The result reached in this case is also fully consistent with the purposes underlying the no-fault legislation. According to the New York Court of Appeals, the no-fault scheme was enacted in order to eliminate expenditures of premium dollars on expenses extraneous to treatment, to reduce delays on payment of claims, to decrease the burden on the courts by eliminating relatively small negligence claims, and to guarantee full recovery to accident victims. *Montgomery v. Daniels,* 38 N.Y.2d 41, 378 N.Y.S.2d 1, 12–13 (Ct.App.1975). In this case, the entire sum sought by the United States was used to treat Leonard's injuries, and not to cover extraneous fees or expenses. The lawsuit does not burden the court with additional questions of negligence, and does not increase investigation costs for the insurer. The injured party has already recovered in full by having his medical expenses paid by the United States.

Other courts, faced with the question of whether the United States qualifies as a "person" under the uninsured motorist provisions of an insurance policy, have held that the United States is entitled to recover directly under the terms of the policy for medical expenses incurred on behalf of the insured. *United States v. Government Employees Insurance Co.,* 440 F.2d 1338 (5th Cir. 1971); *Government Employees Insurance Co. v. United States,* 376 F.2d 836 (4th Cir. 1967); *United States v. Commercial Union Insurance Co.,* 294 F.Supp. 768 (S.D. N.Y.1969). Although these cases involve uninsured motorist coverage rather than no-fault coverage, the same type of analysis applies in this case.

I hold that the United States is entitled to recover out of first party benefits the cost of medical services it provided to the

defendant Leonard. Since the Hartford Insurance Company has admitted its liability for the cost of Leonard's medical care, and merely has delayed payment until it knew which party it was liable to, there is no need for injunctive relief in this action.

However, to ensure that this matter is promptly brought to a conclusion, the plaintiff is directed to prepare a judgment on notice and to present it to the court for decision on April 5, 1978 at 9:00 a.m.

The court's decision of August 23, 1977 is vacated.

So ordered.