**Edward W. OSTROWSKI, et al.,
Plaintiffs-Appellants,**

v.

**The UNITED STATES DEPARTMENT OF LABOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, et al.,
Defendants-Appellees.**

No. 79–1667.

United States Court of Appeals,
Sixth Circuit.

Argued June 1, 1981.

Decided and Filed July 2, 1981.

Ferdinand M. Peters, Koperski & Peters, Warren, Mich., for plaintiffs-appellants.

James K. Robinson, U. S. Atty., Henry J. Maher, Plunkett, Coomey, Rutt, Watters, Stanczyk & Pedersen, David Wightman, U. S. Department of Labor, Thomas M. Woods, Asst. U. S. Atty., Special Litigation Section, Detroit, Mich., Frederic D. Cohen, Attorney, Appellate Staff, William Kanter, Freddi Lipstein, Civil Division, Dept. of Justice, Washington, D. C., for defendants-appellees.

Before EDWARDS, Chief Judge, and KENNEDY, Circuit Judge and HORTON,* District Judge.

PER CURIAM.

Plaintiffs in this case appeal from a judgment requiring them to reimburse the Federal Employees' Compensation Fund out of damages previously awarded to them in a state court tort action against third parties.

In 1973, Michigan adopted a "no fault" automobile insurance system which limited these plaintiffs to recovery for *noneconomic* losses (such as pain and suffering) in their

---

* Honorable Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation.

suit against third party tortfeasors. *See* Mich.Comp.Laws Ann. § 500.3135 (Supp. 1981). The question presented for our review is whether this modification in Michigan's tort law prohibits the United States from obtaining reimbursement, out of plaintiffs' third party tort suit recovery, for *economic* benefits paid under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101–8193 (1976). The District Judge who decided this case answered this question in the negative in a lengthy and carefully considered opinion. *See Ostrowski v. Roman Catholic Archdiocese of Detroit*, 479 F.Supp. 200 (W.D.Mich.1979).

FECA section 8132 provides in part:

If any injury or death for which compensation is payable under this subchapter is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability as a result of suit or settlement by him or in his behalf, the beneficiary, after deducting therefrom the costs of the suit and a reasonable attorney fee, shall refund to the United States the amount of compensation paid by the United States and credit any surplus on future payments of compensation payable to him for the same injury.

Construing this statutory section, the District Judge held:

It is undisputed that any payments the plaintiff will receive as a result of the state court action will be "damages" paid to discharge a legal liability arising from the same injuries that gave rise to compensation under FECA, namely, for injuries occurring in the January, 1975 accident. There is no language in Section 8132 delineating two classes of damages—one of which gives rise to a duty to reimburse and one of which does not. On the contrary, by its terms the duty to reimburse encompasses all damages recovered from third parties.

479 F.Supp. at 203.

It should be noted that Congress delegated authority to the Secretary of Labor to promulgate regulations under FECA. *See* 5 U.S.C. § 8149. Under that authority, the Secretary has adopted a regulation which provides as follows:

If an injury for which benefits are payable under the Act is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, and, as a result of suit brought by the beneficiary or by someone on his or her behalf, or as a result of settlement made by him or her or on his or her behalf in satisfaction of the liability of such other person, the beneficiary shall recover damages or receive any money or other property in satisfaction of the liability of such other person on account of such injury or death, the proceeds of such recovery shall be applied as follows:

(a) If an attorney is employed, a reasonable attorney's fee and cost of collection, if any, shall first be deducted from the gross amount of the settlement;

(b) The beneficiary is entitled to retain one-fifth of the net amount of the money or other property remaining after the expenses of a suit or settlement have been deducted, plus an amount equivalent to a reasonable attorney's fee proportionate to any refund to the United States;

(c) There shall then be remitted to the Office, the benefits which have been paid on account of the injury, which shall include payments made on account of medical or hospital treatment, funeral expense, and any other payments made under the Act on account of the injury or death;

(d) Any surplus then remaining may be retained by the injured employee or his dependents, and the net amount of damages received by the beneficiary shall be credited against future payment of benefits to which the beneficiary may be entitled under the Act on account of the same injury or death.

20 C.F.R. § 10.503 (1980).

The regulation is obviously designed to prevent injustice to the federal employee in

an instance where recovery from a third party, by dint of attorney fees or other costs, would have been entirely or substantially wiped out by the FECA claim.

In the instant case, appellant Ostrowski had received from the Federal Employees' Compensation Fund $5,058.70 for medical care costs and $41,196.62 for loss of wages through December 6, 1978. As of the time of trial, wage loss was still being paid under FECA. Ostrowski received $100,000 in settlement of his third party tort action.

We have reviewed the purposes of FECA, which include prompt assistance in meeting the employee's medical expenses and continuation of wage payments when he is injured in the course of his employment. The provisions for the fund to recoup such expenditures are obviously designed to diminish the cost of this governmental program and preventing the possibility of double recovery.

For the reasons stated above and further spelled out in the Memorandum Opinion of the District Judge filed September 18, 1979, the judgment of the District Court is affirmed.