**UNITED STATES of America,
Appellee/Cross-Appellant,**

v.

**DAIRYLAND INSURANCE COMPANY,
Appellant/Cross-Appellee.**

**No. 81–1655, 81–1690.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1981.

Decided April 7, 1982.

James R. Britton, U. S. Atty., Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for appellee/cross-appellant.

Carlton J. Hunke, Jane C. Heinley, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N. D., for appellant/cross-appellee.

Before LAY and McMILLIAN, District Judges and, COLLINSON,* Senior District Judge.

COLLINSON, Senior District Judge.

Two airmen stationed at the Grand Forks Air Base near Grand Forks, North Dakota, were injured in an automobile accident on December 8, 1977. Both received a substantial amount of medical care. The United States paid their medical expenses pursuant to Title 10, U.S.C., § 1074, which requires the United States to furnish medical care to members of the armed forces injured while on active duty.

One of the injured servicemen was the owner and driver of the automobile involved and was covered by a no-fault automobile insurance policy issued under the North Dakota Auto Accident Reparations Act, N.D.Cent.Code ch. 26–41. After the United States paid the medical expenses of the two injured servicemen, it sued the no-fault insurer, Dairyland Insurance Company, for reimbursement. In its complaint, the government alleged that it was entitled to recovery under (1) the Federal Medical Care Recovery Act, Title 42, United States Code, Section 2651 et seq.; (2) the North Dakota Auto Accident Reparations Act, N.D.Cent.Code ch. 26–41; and (3) as a third-party beneficiary under the no-fault insurance policy.

Prior to filing an answer, Dairyland interposed a motion to dismiss which was granted as to the government's theories of recovery under the Federal Medical Care Recovery Act and the North Dakota Auto Accident Reparations Act. Shortly thereafter, the parties filed cross motions for summary judgment on the third-party beneficiary theory. They were accompanied by

a stipulation of uncontroverted facts. On May 12, 1981, the district court[1] rendered a memorandum and order granting the United States' motion for summary judgment as a third-party beneficiary under the no-fault policy. After an entry of judgment, Dairyland appealed and the United States filed a cross-appeal from the court's earlier order dismissing its claim for relief under the North Dakota Auto Accident Reparations Act.[2]

## I. THE THIRD–PARTY BENEFICIARY THEORY

■ Pursuant to Title 10, U.S.C. § 1074, the United States provides medical care to members of the armed forces injured while on active duty. The Federal Medical Care Recovery Act was passed in 1962 to guarantee the government a right to reimbursement as subrogee whenever those injuries were attributable to a third-party tortfeasor. The Federal Medical Care Recovery Act is limited, however, to tort liability and does not subrogate the government to any contractual rights the servicemen might possess.[3]

■ The absence of a tortfeasor in no-fault states has severely curtailed the ability of the United States to recover under the Act. Thus, several other theories of reimbursement have been successfully maintained by the government. The most popular and well received is the third-party beneficiary argument which contends that the government is a third-party beneficiary of a no-fault insurance contract between the servicemen and the insurance company. Such beneficiary status has been determined by examining the language of the

* The Honorable William R. Collinson, Senior District Judge, Eastern and Western District of Missouri, sitting by designation.

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, 513 F.Supp. 1017.

2. The order of the district court on the motion to dismiss is reported as *United States v. Dairyland Ins. Co.*, 485 F.Supp. 539 (D.N.D.1980).

3. For good discussion of recovery under the Federal Medical Care Recovery Act, see Note, *The Federal Medical Care Recovery Act In No-Fault Automobile Insurance Jurisdictions: Extension Of The Federal Right To Reimbursement Against No Fault Insurers*, 21 B.C.L.Rev. 623 (1980).

no-fault statute or the insurance contract, or both.[4]

In the present case, the district court held that no reimbursement could be had under the Federal Medical Care Recovery Act because the defendant insurance company is not a tortfeasor responsible for the servicemen's injuries. The court further held that the government was not entitled to reimbursement under the North Dakota Auto Accident Reparations Act, N.D.Cent.Code ch. 26–41, because it was not a "designated payee" under the statute, qualified to be reimbursed for the expenses incurred on behalf of the injured servicemen.[5] The court did hold, however, that the United States was an intended beneficiary of the no-fault insurance policy.

The district court reached its conclusion by reading the policy language in light of the statute. The no-fault contract obligates the company to pay benefits "for medical expenses *incurred with respect to* bodily injury sustained by an eligible person" (emphasis added).[6] The Court felt this provision contemplates payments to other than eligible persons. The relevant statutory provision, § 26–41–09(1)[7] holds in part that the insurer may, at its option, pay benefits "to an organization rendering . . . services . . . for which benefits are payable." The district court considered these two provisions together and found that an intended third-party beneficiary is any organization which renders medical services to the two servicemen. Conceding that the United States did not itself render the medical services, the district court nevertheless concluded that in paying the medical expenses of the servicemen pursuant to statute, the government was "an organization rendering services for which benefits are payable" and thus a third-party beneficiary under the contract.

We cannot agree. Under North Dakota law, a third-party beneficiary is determined by a so-called "intent to benefit" test. *Buchman Plumbing Company, Inc. v. Regents of U. of M.*, 298 Minn. 328, 215 N.W.2d 479, 483 (1974). If the court determines that there was an intent by the parties to benefit a third person, it may enforce the contract on his behalf. Here, we find no such intent by the parties to benefit the United States. The language of the statute upon which the district court based its third-party beneficiary argument does little more than *allow* the insured to pay benefits to the health care provider directly as opposed to the insured. Section 26–41–09(1) provides that the company may pay benefits "at its option to the person or organization rendering, for a charge, the services for which benefits are payable." This in effect makes the provider of health care services nothing more than an optional payee under the North Dakota statute.

The district court predicated its finding of the government's third-party beneficiary status on this "optional payee" provision. As a threshold matter we must point out that the United States is in no way an

---

4. See, *Government Employees Insurance Co. v. Rozmyslowicz*, 449 F.Supp. 68 (E.D.N.Y.1978), aff'd sub nom. *U.S. v. Government Employees Insurance Co.*, 605 F.2d 669 (2d Cir. 1979); *United States v. Leonard*, 448 F.Supp. 99 (W.D. N.Y.1978); *United States v. Criterion Ins. Co.*, 596 P.2d 1203 (1979).

5. Discussed, *infra*.

6. Section 1 of the no-fault insurance contract provides that Dairyland will pay
   . . .in accordance with the North Dakota Auto Accident Reparations Act, personal injury protection benefits for:
     (a) medical expenses, . . .
   *incurred with respect to* bodily injury sustained by an eligible injured person and caused by an accident arising out of the oper-

ation, maintenance, or use of a motor vehicle as a vehicle (emphasis added).

7. The North Dakota Auto Reparations Act, N.D.Cent. Code ch. 26–41–09(1) recites, in pertinent part, that
   [b]asic and optional excess no-fault benefits are payable monthly for economic losses sustained by an injured person or his dependent survivors or incurred on his behalf by his spouse, relatives, or guardian. A basic no-fault insurer may pay basic or optional excess no-fault benefits when due to any of the above persons whom it believes sustained or incurred the economic loss or at its option to the person or organization rendering, for a charge, the services for which such benefits are payable.

optional payee under the statute. It is not an organization rendering services "for a charge" as required by the explicit language of the statute. Thus, the plain meaning of the provision, read in its entirety, will not support the conclusion that the United States is an "optional payee." Even assuming that the government is an optional payee under the statute, the mere fact that a person or entity may receive benefits as an optional payee is insufficient to create any obligation enforceable by the provider as a third-party beneficiary. *Heusle v. National Mutual Insurance Co.*, 628 F.2d 833 (3rd Cir. 1980). Moreover, we find no intent to benefit the optional payee under the statute because this provision is obviously drawn to benefit the insurer rather than the optional payee.

After reviewing the policy and § 26–41–09(1) together, we find no expression of intent to benefit the United States.[8] Thus, we cannot affirm the district court's conclusion that the United States is a third-party beneficiary of the no-fault contract. In seeking to confer this status upon the government, we feel the district court strained somewhat the language of the no-fault statute. Other courts have similarly strained the language of their respective no-fault statutes in order to allow the government to obtain reimbursement for expenses it incurred on behalf of persons insured by a no-fault insurance contract.[9] The Court feels that the proper vehicle of such reimbursement, if there is to be any, should be the Federal Medical Care Recovery Act, which by amendment in the Congress could be made to specifically allow a cause of action against the no-fault insurer. This would be far better than to have such reimbursement predicated upon a third-par-

ty beneficiary theory. More often than not, such applicability of the third-party beneficiary theory disserves both the no-fault statute and the law of third-party beneficiary contracts.

## II. DIRECT RECOVERY UNDER THE NO-FAULT LAW

The United States filed a cross-appeal from the district court's March 11, 1980, Order dismissing its claim for recovery under the North Dakota Auto Accident Reparations Act. The district court held that the government could not obtain reimbursement as a direct beneficiary because it is not a named payee in § 26–41–09. That statutory provision holds in part that no-fault benefits are payable for economic loss sustained by an injured person "or his dependent survivors or incurred on his behalf by his spouse, relatives, or guardian."

We concur in the district court's conclusion that the United States is not a designated payee under the statute and therefore not entitled to reimbursement. We take exception however, to the analysis employed to reach that result. In reaching its conclusion, the court considered § 26–41–07 and § 26–41–09. Section 26–41–07 provides, in pertinent part, that

... [e]ach basic no-fault insurer of the secured motor vehicle, shall pay basic no-fault benefits without regard to fault or economic loss resulting from: (1) accidental bodily injury sustained within the United States of America ... by the owner of a motor vehicle or any relative of the owner: (a) while occupying any motor vehicle ... (2) accidental bodily injury sustained by any other person while occupying the secured motor vehi-

---

8. Our conclusion that there is no intent to benefit the government is bolstered by a stipulation embodied in the court's order of May 12, 1981, granting summary judgment. In it, the district court recited:

Although the intent of the contracting party is not expressed in writing as a factual question, the parties here agree that there is no discussion between defendants and insured at the time the policy was executed concerning possible reimbursement of the policy for

medical expenses the United States might incur on behalf of the insured. *The parties also agree that at the time of the execution of the policy, the defendant institutionally held the legal opinion that it could not be required to make reimbursement to the United States for claims such as those involved in the complaint.* (Emphasis added).

9. *United States v. Leonard*, 448 F.Supp. 99 (W.D.N.Y.1978).

cle if the accident occurs within the United States of America. . . .

The court held that § 26–41–07 is a general statute "enumerating those persons entitled to basic no-fault benefits" and concluded that because the government suffered economic loss from accidental bodily injury sustained by the owner and occupant of the car, it is within the class of beneficiaries designated by the statute. But, the court found a conflict between this statute and § 26–41–09 [10] which it felt also enumerates the persons entitled to payment of no-fault benefits. Upon perceiving this apparent conflict, the district court invoked N.D.Cent. Code § 1–02–07 which provides that if two statutory provisions are in irreconcilable conflict, the specific provision prevails over the general. In this instance, the court felt that § 26–41–09 was more specific than § 26–41–07. Since the United States is not a spouse, relative, or guardian, the Court found it is not entitled to direct recovery of no-fault insurance benefits from Dairyland.

We feel that § 26–41–07 does not "enumerate those persons entitled to basic no-fault benefits." Rather, it seems to prescribe what types of claims are payable under the no-fault coverage. Thus, we find no conflict between the two statutory provisions. But the trial court's conclusion is correct, even if a conflict can be read into these two sections.

For the foregoing reasons, we reverse the district court in its May 12, 1981, grant of summary judgment in favor of the appellee United States as a third-party beneficiary of the no-fault insurance contract and order summary judgment entered for the appellant Dairyland Insurance Company. We affirm the district court's March 11, 1980, order dismissing the United States' claim for direct recovery under the North Dakota Auto Accident Reparations Act.