**Paul B. LORENZETTI**

v.

**UNITED STATES of America.**

**Civ. A. No. 82–1666.**

United States District Court,
E.D. Pennsylvania.

Oct. 8, 1982.

---

Freedman & Lorry, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U.S. Atty., Susan Dein Bricklin, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

BECHTLE, District Judge.

This is an action in which plaintiff seeks a determination that the United States may not assert a lien under the Federal Employees' Compensation Act for benefits previously paid to plaintiff, against plaintiff's recovery in a third party action. Presently before the Court are cross-motions for summary judgment. For the reasons which follow, defendant United States' motion

will be granted and plaintiff's motion will be denied.

### I.

In November, 1977, plaintiff Paul B. Lorenzetti was injured in an automobile accident in Pennsylvania in the course of and arising out of his employment with the federal government. Pursuant to the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.* (FECA), plaintiff received compensation benefits from the Federal Employees' Compensation Fund (Fund) for his medical expenses and lost wages.[1]

Subsequently, plaintiff initiated a civil action in state court against the driver of the automobile alleged to have caused the accident. Plaintiff sought damages for pain and suffering, medical expenses, and loss of earnings. Prior to trial, however, the defendant in that action correctly concluded that in view of the Pennsylvania No-Fault Act, Pa.Stat.Ann. tit. 40, § 1009.-101 *et seq.* (Purdon Supp. 1982–1983) (No-Fault Act), plaintiff was precluded from holding defendant liable for the $1,600.24 for medical expenses and lost wages which had been paid to plaintiff by the Fund under FECA. Thus, had the case gone to trial, plaintiff's proof of damages would have been limited to non-economic losses as defined by the No-Fault Act. The parties settled the case, however, for $8,500.00. In view of the applicable provisions of the No-Fault Act, the settlement must be attributed solely to plaintiff's claim for pain and suffering.

### II.

Section 8132 of FECA requires that employees who recover damages from third parties for employment-related injuries compensable from the Fund reimburse the Fund out of their third party recovery. In the present action plaintiff seeks a declaratory judgment that the United States may not require reimbursement of the Fund out of plaintiff's third party settlement since

1. Benefits paid to the plaintiff by the Fund amounted to $1,600.24. After deduction of an allowance for attorney's fees under 5 U.S.C. § 8132, the parties agree that the amount at issue here is $1,044.38.

the settlement is exclusively attributable to pain and suffering, a cause for which plaintiff received nothing under FECA.

Plaintiff relies on *Heusle v. National Mutual Insurance Co.,* 628 F.2d 833 (3d Cir. 1980), a case decided under the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653 (MCRA). In *Heusle,* a member of the armed forces was injured in an automobile collision and pursuant to MCRA received payments from the United States for medical expenses. The United States sought reimbursement from the injured service member's no-fault carrier pursuant to the MCRA's subrogation provision which provides in pertinent part:

> In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care ... to a person who is injured ... *under circumstances creating a tort liability upon some third person* ... to pay damages therefore, the United States shall have a right to recover from said third person....

42 U.S.C. § 2651(a) (emphasis added).

In denying the United States' claim, the Third Circuit held that the United States was not entitled to recover, either from the tort-feasor or from the injured party's insurance carrier, the medical costs which the United States had disbursed to the injured party since the Pennsylvania No-Fault Act had abolished tort liability as a means of recovering the cost of medical expenses. Plaintiff in the present action seeks a similar interpretation of Section 8132 of FECA. That is, that like the MCRA, the FECA only requires government reimbursement to the extent that a third party recovery is attributable to the same type of benefits received under FECA. Based on such an interpretation of Section 8132, plaintiff argues that he is excused from the duty to reimburse the Fund out of his settlement award because under the Pennsylvania No-Fault Act tort actions in this state are limited to recovery of non-economic losses, and non-economic losses were not part of the benefits plaintiff received under FECA.

The United States, on the other hand, resists plaintiff's interpretation of Section 8132. It adopts the view that plaintiff must reimburse the Fund to the extent of *any* damages paid by a third party to discharge a legal liability arising from the same injury, irrespective of the nature of those damages. As authority for its position, the United States cites *Ostrowski v. United States Department of Labor, Office of Workers Compensation Programs,* 653 F.2d 229 (6th Cir.1981), affirming 479 F.Supp. 200 (E.D.Mich.1979), wherein the precise question raised by the parties here was addressed by the Sixth Circuit. In the face of a state no-fault law similar to Pennsylvania's, the *Ostrowski* court interpreted Section 8132 to require plaintiffs to reimburse the Fund for economic benefits paid them under FECA out of damages awarded in a state court tort action against third parties for *non-economic* losses, i.e., pain and suffering. *Ostrowski* held that the modification in Michigan tort law caused by the adoption of a no-fault automobile insurance system did not prohibit the United States from obtaining reimbursement under Section 8132 of FECA. In reaching its conclusion, the court reviewed the language of Section 8132, which provides in pertinent part:

> If an injury or death for which compensation is payable under this subchapter is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary ... receives money or other property in satisfaction of that liability ... the beneficiary ... shall refund to the United States the amount of compensation paid....

5 U.S.C. § 8132.

As the district court in *Ostrowski* observed, *Ostrowski v. Roman Catholic Archdiocese of Detroit,* 479 F.Supp. 200, 203 (E.D.Mich.1979), *aff'd* 653 F.2d 229 (6th Cir. 1981):

> There is no language in Section 8132 delineating two classes of damages—one of which gives rise to a duty to reimburse and one of which does not. On the contrary, by its terms the duty to reimburse

encompasses all damages recovered from third parties.

*Id.*

In response to the United States' citation of *Ostrowski,* plaintiff Lorenzetti contends that this Court is bound by the Third Circuit's determination in *Heusle.* The Court disagrees and declines to follow *Heusle* for the simple reason that the right of subrogation considered by the Third Circuit in that case under the Medical Care Recovery Act, is both different and narrower than the Federal Employees' Compensation Act right of reimbursement at issue here.

Plaintiff's argument that there is no meaningful distinction between the applicable "reimbursement" provisions of the two statutes ignores the fact that Congress chose to draft the provisions differently. FECA provides that the government shall be reimbursed, "If an injury or death for which compensation is payable under this subchapter is caused under circumstances creating a *legal liability* in [a third person] ... to pay damages, ... [and the injured person] receives money or other property in satisfaction of that liability...." 5 U.S.C. § 8132 (emphasis added). In contrast, MCRA allows the government a right of subrogation against a third person as follows:

> In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment ... to a person who is injured ... under circumstances creating a *tort liability* upon some third person ... to pay damages therefore, ....

42 U.S.C. § 2651(a) (emphasis added).

As a comparative reading of the two statutes clearly indicates, the government's recovery under FECA is all inclusive and is not limited to circumstances of tort liability. Moreover, additional support for a broad reading of the FECA reimbursement provision is found in the plain language of that

provision's regulations, 20 C.F.R. § 10.503, as well as its legislative history.[2]

### III.

 In conclusion, this Court agrees with the well reasoned decision in *Ostrowski,* and holds that all FECA beneficiary recoveries from third parties give rise to a duty to reimburse the government irrespective of the nature of those third party recoveries. Thus, plaintiff's $8,500.00 settlement recovery in the third party action, which arose out of the same injuries for which plaintiff received FECA benefits, entitled the United States to reimbursement.

---

2. The original Act, adopted in 1916, contained a reimbursement provision indistinguishable from 5 U.S.C. § 8132. *See* Pub.L. No. 267, § 27, 39 Stat. 747–748. The Congressional debates on Section 27 show that Congress was aware that third party recoveries would often include non-economic components such as pain and suffering, yet Congress made no attempt to shield these elements from the duty to reimburse. 53 Cong.Rec. 10909–10910 (July 12, 1916) (remarks of Rep. Barkley).