UNITED STATES of America, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, Thomas D. Balthazore, and Joyce Balthazore, Defendants.

UNITED STATES of America, Plaintiff,

v.

R & D TRANSPORTATION, INC., Joseph H. Whitaker, and Detroit Automobile Inter-Insurance Exchange, Defendants.

Nos. M80–12CA2, G80–818CA7.

United States District Court,
W.D. Michigan, S.D.

June 21, 1983.

---

James S. Brady by Robert Green, Grand Rapids, Mich., for plaintiff.

James R. Nelson, Nelson & Kreuger, Grand Rapids, Mich., for defendants in No. M80–12CA.

William J. Hipkiss, Muskegon, Mich., for defendant DAIIE.

Paul Jensen, Baxter & Hammond, Grand Rapids, Mich., for defendants R & D and Whitaker.

## OPINION AND ORDER ON DEFEND-ANTS' MOTIONS FOR SUMMARY JUDGMENT

MILES, Chief Judge.

These two cases were consolidated by stipulation for the purpose of hearing and resolving common issues of law only. Each defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. They contend that the United States has no right of recovery against them under the Medical Care Recovery Act (MCRA), 42 U.S.C. § 2651, *et seq.* (1976), or Michigan's no-fault automobile insurance statute, Mich. Comp.Laws § 500.3101, *et seq.* (1983), for medical services it provided injured individuals covered under the applicable policies.

*United States v. Allstate Insurance Co., et al.,* No. M80–12 CA2, involves a September 1978 [1] traffic accident in which Jerome Martinson was injured. Martinson was walking on a street in Escanaba, Michigan, when he was hit by an automobile which was owned by Joyce Balthazore, driven by Thomas Balthazore, and insured by Allstate Insurance Company. Martinson, a veteran, ultimately was admitted to the Veterans' Administration (VA) Medical Center in Escanaba for care and treatment of the injuries sustained in the accident. The VA hospital furnished services, the value of which allegedly totaled over $100,-000, pursuant to statute that authorizes such care to "any veteran for a non-service-

---

**1.** The plaintiff's first amended complaint alleges that the accident occurred in 1979. This allegation is inconsistent with the other allegations in the amended complaint and those of the original complaint. The court construes "1979" as a typographical error.

connected disability if such veteran is unable to defray the expenses of necessary hospital ... care." 38 U.S.C. § 610(a)(1)(B) (1976). Because he received medical care without charge, Martinson assigned his rights against the defendants to the United States. Defendant Allstate, responsible for Martinson's medical expenses under the no-fault act, has refused to pay the United States. Mich.Comp.Laws § 500.3115 (1983).

In Count I of its first amended complaint, the plaintiff United States seeks recovery against defendant Allstate based on the assignment from Martinson, and in Count II it prays for a judgment against Allstate based on the United States' right under the MCRA.[2]

*United States v. R & D Transportation, Inc., et al.*, No. G80–818 CA7, also involves a traffic accident. On November 16, 1977, defendant Joseph Whitaker parked a truck owned by his employer, defendant R & D Transportation, on the side of a road in Mason County, Michigan. The plaintiff maintains that the vehicle was negligently parked partially on the pavement. While driving along the same road, William Markus collided with the parked truck and sustained substantial injuries. At the time of this accident Markus had a no-fault policy with defendant Detroit Automobile Inter-Insurance Exchange (DAIIE) that, under state statute, is to cover the costs of Markus' medical expenses. Mich.Comp.Laws § 500.3105 (1983). Because Markus was a seaman under federal law, a United States Public Health Service hospital admitted him and rendered medical care, the value of which is allegedly in excess of $50,000, without charge. *See* 42 U.S.C. § 249(a)(1) (1976).

Count I of the United States' complaint alleges a right of recovery against R & D Transportation and Whitaker under the MCRA. In Count II it seeks recovery from DAIIE as a third-party beneficiary to the contract between Markus, to whom the

United States furnished medical services, and DAIIE, his no-fault carrier.

■ In both of these cases the plaintiff has sued the parties allegedly responsible for the injured person's medical care under general principles of tort law, the Balthazores in the *Allstate* case and R & D Transportation and Joseph Whittaker in the *R & D Transportation* case. The United States also has sued the insurance companies allegedly responsible under Michigan's no-fault act, Allstate and DAIIE. Therefore, all of the motions for summary judgment involve two general issues: (1) whether the United States has any right of recovery under the MCRA against the alleged tortfeasors or their insurers, and (2) whether Michigan's no-fault act permits recovery against the insurers.

The MCRA provides that when the United States is authorized to furnish medical care and treatment to a person injured "under circumstances creating a tort liability upon some third person" it shall have a right to recover from that person. 42 U.S.C. § 2651(a). Therefore, under the facts of these cases, the United States ordinarily would have a right of action against the Balthazores in the *Allstate* case and R & D Transportation and Joseph Whitaker in the *R & D Transportation* case as tortfeasors. The Michigan no-fault act, however, changes the legal relationship among the parties. Section 500.3135 of the act, with certain exceptions not applicable to these cases, abolishes "tort liability arising from the ownership, maintenance or use within this state of a motor vehicle." Mich. Comp.Laws § 500.3135(2). In place of the traditional tort compensation mechanism, the legislature provided for mandatory first party medical expense coverage, personal protection insurance benefits. *See id.* § 500.3107.

Relying on *Heusle v. National Mutual Insurance Co.*, 628 F.2d 833 (3d Cir.1980), the defendants argue that because no-fault schemes abolish tort liability, the plaintiff

---

**2.** Although this particular action is styled against Allstate and the Balthazores, the United States seeks judgment against Allstate only.

Even if the plaintiff were seeking relief against the individual tortfeasors, the analysis in this opinion would govern.

United States has no basis on which to assert its rights under the MCRA. In *Heusle* the court took a literal view of the operative statutory language, that the injury must arise from "circumstance creating a tort liability upon some third person," and held that there was no claim in tort to which the United States could be subrogated. It specifically rejected the notion that the no-fault act was designed to make insurance carriers "'universal tortfeasors for their insureds.'" *Id.* at 838 (quoting *Sanner v. Government Employees Insurance Co.*, 150 N.J.Super. 488, 494, 376 A.2d 180, 183 (App.Div.1977) (*per curiam*), *aff'd per curiam*, 75 N.J. 460, 383 A.2d 429 (1978). The court in *Heusle* believed that Congress chose a particular means by which to afford the United States a right of recovery, and the instant problem is for Congress, not the courts, to resolve.

This result is not ineluctable, however. *See, e.g., United States v. Government Employees Insurance Co.*, 605 F.2d 669, 672 & n. 4 (2d Cir.1979) (dicta); *United States v. Leonard*, 448 F.Supp. 99, 101 (W.D.N.Y.1978) (dicta). The legislative history of the MCRA reflects that foremost among Congress' concerns was the annual loss which the government sustained in the absence of a statute enabling it to recover against responsible third parties. S.Rep. No. 1945, 87th Cong., 2d Sess., *reprinted in* 1962 U.S.Code Cong. & Ad.News 2637, 2639; H.R.Rep. No. 1534, 87th Cong., 2d Sess. 6. The thrust of the legislation is to ensure that the cost of treating injured persons to whom the United States makes care available is borne by those legally responsible for the injury, not the taxpayer. So important was this concern that the original House bill was amended to provide the government with an independent right of recovery not subject to the differences in state law. H.R.Rep. No. 1534, *supra*, at 3–4; *see United States v. York*, 398 F.2d 582, 584 & N. 3 (6th Cir.1968).

In its brief the government buttresses this argument by noting recent amendments to veteran's legislation. Section 629 of title 38 of the United States Code provides that when a veteran is furnished care under circumstances similar to these cases, the United States "has the right to recover the reasonable costs of such care and services from the ... automobile accident reparations insurance carrier." 38 U.S.C.A. § 629(a) (West Supp. 1983).[3] This provision is designed to permit recovery against a no-fault insurer. Although there is some appeal to the government's argument, it also proves the opposite proposition. This new legislation may be construed as an acknowledgment by Congress that the MCRA affords the United States only a limited amount of protection. More importantly, however, there is no indication in the legislative history that in passing the MCRA in 1962 Congress had the same intent as it did in adopting these changes almost 20 years later. By amending the veterans' legislation, and not the MCRA, Congress may have intended that the government's right of recovery should be broad only in veterans' cases.

The court recognizes that interpreting the MCRA to exclude recovery from no-fault carriers subjects the government's rights to the vagaries of state tort law. Nevertheless, Congress chose a particular theory, recovery based on tort liability of a third person, and this court believes it is constrained by that language. Under Michigan's no-fault act, in the context of this case, traditional principles of tort liability have been abolished. Therefore, the United States is not entitled to recover from any of the defendants under the MCRA. *Heusle*, 628 F.2d at 838; *see also United States v. Dairyland Insurance Co.*, 674 F.2d 750 (8th Cir.1982).

The plaintiff United States next asserts three theories of recovery under the state no-fault statute. First, it claims to be a third party beneficiary of the insurance

---

**3.** This statute apparently would control the *Allstate* case. It governs, however, only those cases in which care and service were furnished on or after November 3, 1981. 38 U.S.C.A. § 629 note (West Supp.1983). Therefore, because services in *Allstate* were rendered before this date, the new statute does not apply.

policy. Second, it maintains that it is an "insured" within the meaning of the policy. Third, the plaintiff contends that it may recover as an assignee of the injured persons' causes of action.

 As to its claimed status as a third party beneficiary, the United States cites to several authorities. Its argument, however, ignores the language of the Michigan statute. Section 3109 of the act provides in pertinent part that "[b]enefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." Mich.Comp.Laws § 500.-3109(1). This provision has been construed to apply to benefits that an injured person receives from the United States Army and Veterans' Administration. *Bagley v. State Farm Mutual Automobile Insurance Co.*, 101 Mich.App. 733, 734, 300 N.W.2d 322, 323 (1980) (*per curiam*) (citing *O'Donnell v. State Farm Mutual Automobile Insurance Co.*, 404 Mich. 524, 273 N.W.2d 829 (1979); *Beaver v. Auto-Owners Insurance Co.*, 93 Mich.App. 399, 286 N.W.2d 884 (1979)). In the instant cases, the government is seeking to recover benefits that were "provided ... under the laws of ... the federal government." Mich.Comp. Laws § 500.3109(1). Because the no-fault statute specifically excludes them from the amount of the carrier's liability, the third party beneficiary analysis is clearly inconsistent with the statute. *See also Heusle*, 628 F.2d at 838–39; *Dairyland Insurance Co.*, 674 F.2d at 752–53. The court also finds the government's other arguments to be equally without merit. Therefore, the court now holds that the United States has no right of recovery against an insurance carrier under Michigan's no-fault act for benefits the United States provided to the insured.

### ORDER

Based on the above discussion,

IT IS HEREBY ORDERED that all of the defendants' motions for summary judgment in the above-entitled actions are GRANTED and the plaintiff's complaints are DISMISSED.

IT IS SO ORDERED.