**UNITED STATES of America, Plaintiff,**

v.

**Lonnie Maurice JACKSON, AAA Insurance Co., a Michigan corporation and James W. Couvelis d/b/a Babes Lounge, Defendants.**

### No. K82–387 CA.

United States District Court,
W.D. Michigan, S.D.

Oct. 5, 1983.

---

Julie A. Woods, Asst. U.S. Atty., Grand Rapids, Mich., for plaintiff.

John J. Timmer, Allaben, Massie, Vander Weyden & Timmer, Grand Rapids, Mich., for AAA Ins. Co.

David S. York, Oosterbaan, York & Cooper, Kalamazoo, Mich., for Lonnie Maurice Jackson.

Gary P. Bartosiewicz, Piatt & Doyle, Kalamazoo, Mich., for James W. Couvelis.

## OPINION

BENJAMIN F. GIBSON, District Judge.

On December 5, 1979, Cecil Osborne, Jr., a seaman, was severely injured while walking along a street in Benton Harbor, Michigan when he was struck by an automobile driven by defendant Jackson. At the time of the accident, defendant Jackson was allegedly intoxicated.

Pursuant to the terms of 42 U.S.C. § 251, the government furnished the necessary medical, surgical, and hospital services for Osborne. These services have been valued by the government in excess of $100,000.00. The government subsequently brought this action against Jackson, James W. Couvelis d/b/a Babes Lounge—where Jackson allegedly was served alcohol although he was visibly intoxicated, and the AAA Insurance Company—from whom Osborne had allegedly purchased a no-fault automobile insurance policy. This action was brought pursuant to the Medical Care Recovery Act (MCRA), 42 U.S.C. §§ 2651–53.

Under the statutory scheme devised by Congress, the government may recover only those medical expenses incurred as a result of injuries arising "under circumstances creating a tort liability upon some third person . . . ." 42 U.S.C. § 2651(a). This right to recovery has been further limited by the Act, in that

the United States shall have a right to recover from said third person the reasonable value of the care and treatment

so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. *Id.* The MCRA, therefore, creates no substantive law of negligence, and the courts must look to the applicable state law to determine whether the injured party has any rights or claims to which the government may be subrogated. *United States v. Dairyland Ins. Co.,* 674 F.2d 750, 751–52 (8th Cir.1982); *Heusle v. National Mut. Ins. Co.,* 628 F.2d 833 (3rd Cir.1980); *United States v. Neal,* 443 F.Supp. 1307 (D.Neb. 1978); *Government Employees Ins. Co. v. Bates,* 414 F.Supp. 658 (E.D.Ark.1975). In Michigan, under the factual situation presented in this case, the appropriate law to look to is the Michigan No-Fault Insurance Act, M.C.L.A. § 500.3101 *et seq.,* insofar as defendants Jackson and AAA are concerned, and the Michigan Dram Shop Act, M.C.L.A. § 436.22, insofar as defendant Couvelis is concerned.

Under the No-Fault Act, tort liability was abolished except for limited types of damages—i.e., for intentionally caused harm, certain noneconomic loss, and certain excess economic loss. M.C.L.A. § 500.3135(2). There is no longer tort liability in Michigan for medical expenses arising out of automobile accidents: "Where no uninsured motorist is involved, the injured party may look only to his no-fault insurer to pay for medical expenses incurred as the result of an accident." *Swantek v. Auto Club Ins. Group,* 118 Mich.App. 807, 809, 325 N.W.2d 588 (1982).

■ Under the No-Fault Act, Cecil Osborne would have no claim against defendant Jackson, and, in particular, no cause of action based in tort, for the recovery of medical expenses. Under the statutory scheme devised by Congress, therefore, there is no claim to which the government can be subrogated. *See, e.g., Heusle,* 628 F.2d at 837. For this reason, the government has no claim against defendant Jackson under the MCRA and the complaint as to him must be dismissed.

The tort liability upon which the government's claim against defendant Couvelis is based is alleged to have arisen under the Michigan Dram Shop Act, M.C.L.A. § 436.22. Defendant Couvelis seeks to have this claim dismissed on three grounds:

1. The Dram Shop Act does not create tort liability.
2. The "name and retain" clause in the Dram Shop Act precludes recovery here because the Osborne action against defendants Jackson and Couvelis was settled, and defendant Jackson is no longer being retained as a defendant.
3. The action is barred by both the Michigan and federal statutes of limitation.

■ The argument that the Michigan Dram Shop Act does not create tort liability is without merit. By its terms, the Act authorizes recovery "in an action of trespass . . ." which is clearly a cause of action sounding in tort.[1] Prosser, Law of Torts 28 (4th ed. 1971). Generally, dram shop acts, admittedly giving rise to statutory rather than common-law causes of action, create strict liability in tort. *Id.* at 537–38.

■ This defendant next argues that, because the Osborne action against Jackson was settled, the government cannot maintain the instant action because of the name and retain clause in the Michigan Dram Shop Act which states: "No action [under this act] shall be commenced unless the minor or the alleged intoxicated person is named in the action and is retained in the action until the litigation is concluded by trial or settlement." This argument also must fail, for two reasons.

First, the MCRA, although it requires a determination based on state law of wheth-

---

**1.** Before the 1980 amendments to the Dram Shop Act, recovery was authorized by an action for trespass on the case, which is also a traditional tort cause of action. Prosser, Law of Torts 28 (4th ed. 1971).

er tort liability exists, creates an independent cause of action under which the government may seek to recover the cost of medical expenses. *United States v. York,* 398 F.2d 582 (6th Cir.1968); *Heusle,* 628 F.2d at 837. Although the settlement of the claim against Jackson could have led to the dismissal of Osborne's dram shop claim against Couvelis, *at the time of the injury* the Dram Shop Act created a tort liability in Couvelis. The caselaw arising under the MCRA supports the conclusion that "those defenses which have nothing to do with whether the circumstances surrounding the injury create a tort, cannot defeat the independent right of the United States to recovery." *United States v. Haynes,* 445 F.2d 907 (5th Cir.1971). *See also United States v. Housing Authority of the City of Bremerton,* 415 F.2d 239 (9th Cir.1969); *United States v. Gera,* 409 F.2d 117 (3d Cir.1969). The "name and retain" defense is such a defense and cannot defeat the government's right to recover.[2]

Second, because of the independent right of the government under the MCRA, it would appear that the name and retain clause would have to be applied in the government's, and not the injured party's, action. Under Michigan law, even if the name and retain clause is applicable to this action, it would not bar the government's claim. It is well-established that the alleged intoxicated party need not be retained if the plaintiff has no cause of action against him. *Cussans v. Harris,* 118 Mich. App. 567, 571, 325 N.W.2d 793 (1982); *Farmers Ins. Group v. Clear,* 94 Mich.App. 655, 660, 290 N.W.2d 51 (1980). Since, as discussed above, the government has no cause of action against defendant Jackson, he need not be retained as a defendant in this matter.

■ Defendant Couvelis also argues that this action is barred by the Michigan and federal statutes of limitation. This argument is based on the fact that the accident occurred on December 5, 1979 and the action was filed on December 6, 1982. For the following reasons, the motion to dismiss shall not be granted on these grounds.

Although the Dram Shop Act includes a two-year limitations period, it does not bar this action. As with the name and retain defense, this defense has nothing to do with whether the circumstances of the accident created tort liability and it is therefore not applicable here. *Gera,* 409 F.2d at 120; *United States v. Fort Benning Rifle and Pistol Club,* 387 F.2d 884, 887 (5th Cir.1967).

The applicable statute of limitations is the general three-year limitations in 28 U.S.C. § 2415(b) for actions for money damages brought by the United States founded upon a tort. *Gera,* 409 F.2d at 120. In the instant case, the three-year period expired on December 5, 1982 which was a Sunday. Pursuant to Rule 6, Fed.R.Civ.P., the action, filed on December 6, 1982, is timely.

Finally, defendant AAA Insurance Co. (AAA) seeks dismissal of the claim against it on several grounds. Because of the Court's ruling on two of these grounds, it is not necessary to reach the others.

AAA argues that no claim arises against it under the MCRA, and also that the government is not a third-party beneficiary of the policy on which this action is based.[3] There is merit to both of these arguments.

■ The first argument is based on the language of the MCRA. The government's claim must arise under "circumstances creating a tort liability upon some third person ..." and the claim is subrogated to any claim of the injured person which exist against the third party. In the instant case, it is clear that AAA is neither a tort-

---

2. It is interesting to note that defendant Couvelis does not argue that *his own* settlement of the Osborne action bars recovery by the government under the MCRA. The state court claims against neither Jackson nor Couvelis sought recovery for medical expenses but only for noneconomic loss.

3. AAA seeks dismissal on the additional grounds that there is no legal entity known as "AAA Insurance Co.," that the action is barred by the Michigan statute of limitation, and because there now is pending a state court suit on this policy brought by the insured.

feasor nor the insurer of one and that, therefore, the government has no claim against AAA under the MCRA. *See United States v. Nationwide Mut. Ins. Co.,* 499 F.2d 1355, 1356 n. 1 (9th Cir.1974).

In order to determine whether the United States may recover as a third-party beneficiary, the Court first must determine whether federal or state law is to be used as the rule of decision. This action was brought under the jurisdictional grant of 28 U.S.C. § 1345. The consensus among those courts which have reached the issue of whether the choice of law question under § 1345 is governed by *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is that the application of state substantive law is not mandated. *See United States v. California,* 655 F.2d 914, 916–17 (9th Cir.1980), and cases cited therein. However, in similar cases, where there is no settled federal law to apply, the courts have referred to state law to apply the appropriate rule. *See, e.g., Nationwide,* 499 F.2d at 1356–57. In the instant case, therefore, the Court shall look to the law of Michigan to determine whether the United States is a third-party beneficiary.

The insurance policy in question was drafted pursuant to the Michigan No-Fault Act. Among the provisions of the No-Fault Act is one relating to the relationship between benefits payable under the policy and benefits payable pursuant to state or federal law:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

M.C.L.A. § 500.3109(1). The language of the policy copies this statutory language.

■ This clear indication of intent not to pay benefits when a federal law requires overlapping benefit payments refutes the government's position that it was a third-party beneficiary of the insurance policy under which it seeks relief. *See United States v. Allstate Ins. Co.,* 573 F.Supp. 142 (W.D.Mich.1983). The government may

not, therefore, recover under a third-party beneficiary theory.

For all of the above reasons, the motions to dismiss filed by defendants Jackson and AAA Insurance Co. are granted and the complaint is dismissed as to them. The motion to dismiss filed by defendant Couvelis is denied.