**UNITED STATES of America, Plaintiff,**

**v.**

**Lonnie Maurice JACKSON, AAA Insurance Co., a Michigan corporation, and James W. Couvelis d/b/a Babes Lounge, Defendants.**

**No. K82–387 CA.**

United States District Court, W.D. Michigan, S.D.

Jan. 12, 1984.

---

Julie A. Woods, Asst. U.S. Atty., Grand Rapids, Mich., for plaintiff.

John J. Timmer, Allaben, Massie, Vander Weyden & Timmer, Grand Rapids, Mich., for AAA Ins. Co.

David S. York, Oosterbaan, York & Cooper, Kalamazoo, Mich., for Lonnie Jackson.

Gary P. Bartosiewicz, Piatt & Doyle, Kalamazoo, Mich., for James Couvelis.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Now before the Court is the Government's motion seeking to have the Court reconsider its Opinion of October 5, 1983 which dismissed the complaint in this matter as to defendants Jackson and AAA Insurance Company (AAA). *United States v. Jackson,* 572 F.Supp. 181 (W.D.Mich. 1983). In that Opinion, the Court held that the abolishment of tort liability under the Michigan No-Fault Insurance Act, M.C.L.A. § 500.3101 *et seq.,* barred recovery against defendant Jackson under the Medical Care Recovery Act (MCRA), 42 U.S.C. §§ 2651–53, and that the Government could not recover from AAA either under the MCRA or as a third-party beneficiary of the automobile insurance policy issued by AAA to the wife of the injured party.

The Government argues that the dismissal of the complaint as to defendant Jackson was improper because tort liability *was* created when the injured party was struck by Jackson's automobile. The Government cites M.C.L.A. § 500.3135(1) which states:

A person remains subject to tort liability for non-economic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

■ This section, however, deals with non-economic loss. As noted in the earlier opinion, 572 F.Supp. at 183, the Government's claim is for economic loss—i.e., medical expenses—for which tort liability has been abolished. *See Swantek v. Auto Club Ins. Group,* 118 Mich.App. 807, 809, 325 N.W.2d 588 (1982); *Matti Awdish, Inc. v. Williams,* 117 Mich.App. 270, 277, 323 N.W.2d 666 (1982). Since the Government seeks recovery of loss for which no tort liability exists, it is barred by the terms of the MCRA. *See* 572 F.Supp. at 183. Therefore, as to defendant Jackson, the motion to reconsider is denied.

The Government seeks reconsideration of the dismissal of AAA on two grounds. First, under the theory discussed above, the Government contends that AAA was the insurer of a tortfeasor and therefore liable under the MCRA. *Cf.* 572 F.Supp. at 184–85. Second, the Government argues that Michigan law does not require the deduction of the cost of the Government-provided medical care from the benefits paid under the policy issued by AAA. *Cf.* 572 F.Supp. at 185.

■ As noted above, the Court remains of the opinion that, at least for the purposes of this lawsuit, no tort liability was created in defendant Jackson. Since AAA is not the insurer of a tortfeasor, the Government may not recover under the MCRA.

The Government continues to claim that it is a third-party beneficiary under the policy issued by AAA and therefore is entitled to be reimbursed for the cost of the medical care it provided pursuant to 42 U.S.C. § 2651. The Government cites two cases which allowed some type of reimbursement for Government-provided benefits in spite of M.C.L.A. § 500.3109(1).

In *Workman v. Detroit Automobile Inter-Insurance Exchange*, 404 Mich. 477, 501–504, 274 N.W.2d 373 (1979), the Court held that Medicaid benefits were reimbursable because, by virtue of the insurance benefits paid to her, the injured party was not a medically indigent individual and therefore was not eligible for Medicaid benefits. In *Ostrowski v. Roman Catholic Archdiocese of Detroit*, 479 F.Supp. 200 (E.D.Mich.1979), *aff'd sub nom. Ostrowski v. United States Department of Labor*, 653 F.2d 229 (6th Cir.1981), the Government was entitled to reimbursement for workers' compensation benefits paid pursuant to the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101–8193.

The Court is of the opinion that these cases are inapposite. *Workman* dealt with a situation where it was determined that no "benefits provided or required to be provided under the laws of any state or the federal government ..." had been paid to the injured party. As the Michigan Supreme Court stated, "any attempted set-off of plaintiff's Medicaid benefits would, therefore, not only be unnecessary but absurd since no 'benefits' exist to be set off." 404 Mich. at 502, 274 N.W.2d 373.

*Ostrowski*, admittedly more analogous to the situation at hand, dealt with an entirely different statutory scheme. FECA, and the regulations promulgated to administer it, expressly provide for reimbursement. 5 U.S.C. § 8132; 20 C.F.R. § 10.503. *See* 653 F.2d at 230–31; 479 F.Supp. at 202–204.

■ There being no language in 42 U.S.C. § 2651 calling for reimbursement out of any damage award, as there is in 5 U.S.C. § 8132, the Court is of the opinion that the reasoning in *Ostrowski* does not apply here. For the reasons expressed in the prior opinion, 572 F.Supp. at 185, the Court is of the opinion that the Government was not intended to be a third-party beneficiary of the insurance policy issued by AAA. *See also United States v. Allstate Ins. Co.*, 573 F.Supp. 142 (W.D.Mich. 1983).

For all of the above reasons, the motion to reconsider this Court's Opinion of October 5, 1983 is denied.