**UNITED STATES of America, Plaintiff,**

**v.**

**Dale R. SPENCLEY, Defendant.**

**No. G 82–298.**

United States District Court,
W.D. Michigan, S.D.

March 8, 1984.

---

Julie Woods, Asst. U.S. Atty., Grand Rapids, Mich., for plaintiff.

Steven Barney, Petoskey, Mich., for defendant.

## OPINION

ENSLEN, District Judge.

This case raises the issue of whether Michigan's No-Fault Automobile Insurance Act, M.C.L.A. §§ 500.3101, *et seq.*, bars the United States from recovering medical expenses incurred in the treatment of a member of the armed services injured in a collision in Michigan with a Michigan-registered automobile.

The Complaint alleges that while traveling northbound on U.S. Highway 31 in Emmet County, Michigan, on May 12, 1979, Dale Spencley (Defendant) negligently drove his automobile across the highway's centerline and collided with an automobile driven by Rick O'Neil. As a proximate cause of Defendant's alleged negligence, O'Neil, a United States Coast Guardsman, sustained injuries to his face, legs and internal organs. Plaintiff expended $12,-759.85 for O'Neil's medical care pursuant to its statutory duty to provide medical services to members of the United States Coast Guard. 42 U.S.C. § 253.[1]

Plaintiff now asserts that the federal Medical Care Recovery Act (MCRA), 42 U.S.C. § 2651 et seq., entitles it to reimbursement from Defendant for these expenses. The MCRA generally provides that when the United States is compelled to furnish medical services to a person injured under circumstances creating a tort liability on the part of a third person, it acquires subrogation rights against that person for the "reasonable value" of the services furnished.[2] Defendant moves for dismissal of the case pursuant to Rule 12(b)(6), Federal

---

1. According to 42 U.S.C. § 253(a), the United States Public Health Service is required to provide medical, surgical, dental treatment and hospitalization to active members of the United States Coast Guard.

2. 42 U.S.C. § 2651 provides, in pertinent part:

In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment ... to a person who is injured ... under circumstances creating a tort liability upon some third person ... to pay damages therefor, the United States shall have a right

Rules of Civil Procedure (FRCP), contending that Michigan's No-Fault Automobile Insurance Act, *supra*, immunizes him from recovery. Under that Act, tort liability arising from automobile accidents is abolished with certain exceptions not applicable to the instant case.[3] Defendant alternatively argues the action is barred by the government's failure to perfect service of process in a timely manner.

■ Resolution of this motion turns on the issue of whether the federal interest in reimbursement for medical expenses arising from this set of circumstances predominates over Michigan's no-fault policies. Relying on *United States v. Standard Oil Company*, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947), Plaintiff argues that no-fault schemes may not encorach upon the federal government's right of recovery. In that case, a soldier was struck and injured by a truck negligently operated by one of defendant's employees. The government expended certain sums for the hospitalization and disability pay of the injured soldier, and then sued for reimbursement of these expenses. Because of the distinctly federal nature of the relationship between the United States and its armed forces, and the economic burden imposed on the government's purse by such medical care, the court held that federal, not state law was applicable. On this point, the court said:

> Perhaps no relation between the Government and a citizen is more distinctively federal in character than that between it and members of its armed forces... For, as the Federal Government has the exclusive power to establish and define the relationship by virtue of its military and other powers, equally clearly it has power in execution of the same functions to protect the relation once formed from harms inflicted by others.

Since also the Government's purse is affected, as well as its power to protect the relationship, its fiscal powers, to the extent that they are available to protect it against financial injury, add their weight to the military basis for excluding state intrusion. 332 U.S. at 305–306, 67 S.Ct. at 1607.

The court also noted that the application of state law was constitutionally unnecessary and unsound. The doctrine espoused in *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), did not necessitate reference to state law since that decision was never intended to "bring within the governance of state law matters exclusively federal...." 332 U.S. at 307, 67 S.Ct. at 1608. *Erie* did not encroach upon the power of the federal judiciary to deal independently with federal problems; therefore, federal common law retained its viability for the resolution of federal issues which Congress had not acted upon. As a practical matter, the need for uniform disposition of such cases requires that the government's right to indemnification not be left to the diversity of state law. 332 U.S. at 311, 67 S.Ct. at 1609. The court ultimately refused to remedy the government's loss reasoning that this was primarily a matter of federal fiscal policy and thus required congressional action. This hiatus was filled with the enactment of the MCRA.

These principles have recently been applied in cases involving disputes over the effect of Michigan's no-fault law on the federal government's right to recover for property damage caused by the negligence of a Michigan driver. In *United States v. Warner*, 461 F.Supp. 729 (W.D.Mich.1978), the court held that Michigan's no-fault law did not bar the government's recovery for property damage to one of its automobiles in such instances. In his decision, Judge

to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured ... person ... has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished.

3. M.C.L.A. § 500.3135(2) provides, in pertinent part:

> Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by section 3101(3) and (4) was in effect is abolished....

Fox construed *United States v. Standard Oil, supra,* as requiring the court to fashion a federal common law remedy for the government's loss. His reasoning and conclusion were recently adopted by our Court of Appeals in *United States v. Ferguson,* 727 F.2d 555 (C.A.6, 1984), a case factually identical to *Warner.* In its opinion, the Court of Appeals first disclaimed any intention to establish a federal common law of the highway and then noted that in creating this exemption to Michigan's no-fault law, it was not altering this state's negligence law since no-fault affects only the liability for negligent acts. As to this latter consideration, the court said:

> It is clear from the Michigan Supreme Court's interpretation of the No-Fault Act that Michigan has not altered its notions of what is and is not negligence under its motor vehicle law... On the contrary, we are merely required to hold that in the interest of uniformity we need not recognize a limitation placed by state law upon a traditional right of recovery. *Id.* at 558–559.

The present case is distinguishable from *Warner* and *Ferguson* in that the government's right to indemnification is based on statute rather than federal common law. In my opinion, that distinction lends greater credence to Plaintiff's position since the court in *Standard Oil* felt constrained not to create a new liability and remedy in the personal injury situation absent congressional action. Curiously, the courts in *Warner* and *Ferguson* did not have the same compunction about indemnifying the government for property damage absent any statute recognizing this right. Nevertheless, the reasoning of those cases regarding the supremacy of the federal interest in reimbursement for property damage is no less applicable to cases involving personal injury to members of the armed forces.

Defendant argues that the court's decision in *United States v. Allstate Insurance Company,* 573 F.Supp. 142 (W.D. Mich.1983) precludes recovery under the MCRA. There the court held that the abolition of tort liability by Michigan's no-fault statute left the Government without a remedy under the MCRA. *See also, United States v. Jackson,* 572 F.Supp. 181 (W.D. Mich.1983); *Heulse v. National Mutual Insurance Co.,* 628 F.2d 833 (C.A.3 1980); *United States v. Dairyland Insurance Company,* 674 F.2d 750 (C.A.8 1982). Also, the fact that Congress amended veterans' legislation, specifically 38 U.S.C. § 629(a), but not the MCRA, to allow the United States to recover from no-fault insurers, medical expenses for care furnished veterans under circumstances similar to the present case indicated that the government's right to recovery should be so broad only with respect to veterans.[4] The decision is directly on point; however, the Court of Appeals' broad adoption of the principles enunciated in *Standard Oil* and *Warner* and its emphasis on the supremacy of federal interests compels me to conclude that the decision has been implicitly overruled.

Defendant finally argues that Plaintiff's delay in effecting service of process is cause for dismissing the case. Although unexplained delay may be grounds for dismissal, courts generally inquire whether the plaintiff has been diligent in effecting service and whether the delay has substantially prejudiced the defendant. *See,* 4 Wright & Miller, *Federal Practice & Procedure,* § 1085 (Supp.1983) (citing cases). A significant period of time has passed between the filing of the Complaint on May 12, 1982, and the acceptance of

---

**4.** 38 U.S.C. § 629(a) provides, in pertinent part:

In any case in which a veteran is furnished care and services under this chapter for a non-service-connected disability that was incurred...

(2) as the result of a motor vehicle accident to which applies a State law that requires the owners or operators of motor vehicles registered in that State to have in force automobile accident reparations insurance ...

the United States has the right to recover the reasonable costs of such care and services from the ... automobile accident reparations insurance carrier, as appropriate, to the extent that the veteran, or the provider of care and services to the veteran, would be eligible to receive reimbursement or indemnification for such care and services if the care and services had not been furnished by a department or agency of the United States.

process by Defendant's wife on September 25, 1983. However, due to the fact that Defendant was stationed with the United States Army in Germany, I ordered the proceedings stayed from November 23, 1982, through March, 1983, pursuant to the Soldier's and Sailor's Civil Relief Act, 50 App. U.S.C. §§ 521 and 523. On July 27, 1983, a Notice of Impending Dismissal was issued for want of prosecution of the case. Plaintiff successfully petitioned the Court to retain the case on the grounds that it had been unsuccessful in locating the Defendant after his return to this country and was attempting to do so through the Army Locater in Ft. Benjamin Harrison, Indiana. Thereafter, I ordered that service be effected no later than October 14, 1983, a deadline which Plaintiff successfully met. In my opinion, the foregoing chain of events shows commendable diligence on Plaintiff's part. Any delay was, in large part, attributable to Defendant. Moreover, Defendant has not given any reason why this delay will prejudice him in the defense of this case.

Accordingly, an order will be issued denying Defendant's Motion to Dismiss made pursuant to Rule 12(b)(6), FRCP.