**George ZOTOS and Kalope Zotos, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 83–CV–74628–DT.**

United States District Court, E.D. Michigan, S.D.

Nov. 14, 1986.

Gerald E. Wigod, Southfield, Mich., for plaintiffs.

Phyllis M. Golden, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JULIAN ABELE COOK, Jr., District Judge.

Plaintiffs in this case bring suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). They seek damages for serious bodily injuries which were allegedly sustained on February 12, 1982 when their automobile was struck by a United States Department of Army vehicle. Plaintiffs claim that the Government vehicle was driven in a negligent manner by a Government employee.

On June 6, 1986, Defendant filed a Motion in Limine which seeks a determination of the applicability of the Michigan "No-Fault" Automobile Insurance Act, Mich. Comp. Laws Ann. § 500.3101 *et seq.* ("No-Fault Act"). Plaintiffs have answered in opposition. Initially, Defendant acknowledges that the United States can be held liable for the actions of a Government driver if the operator of the vehicle is acting within the scope of his employment. The Federal Tort Claims Act specifies that the United States can be held liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 1346(b).

Defendant also points out, however, that the Federal Tort Claims Act specifies, and numerous Sixth Circuit cases have held, that the law of the state where the tort occurred is to be applied in a suit against the United States under this Act. *See e.g. Frazier v. United States,* 412 F.2d 22, 23 (6th Cir.1969); *Mider v. United States,* 322 F.2d 193 (6th Cir.1963). *See also Garber v. United States,* 578 F.2d 414, 415 (D.C.Cir.

1978). Therefore, Defendant believes that the No-Fault Act should be utilized by this Court to evaluate Plaintiffs' claim. In support of this view, Defendant relies upon *McAdoo v. United States*, 607 F.Supp. 788 (E.D.Mich.1984) and *Caruana v. United States*, No. 81–71396, slip op., (E.D.Mich. 1985).

There are three principal arguments against Defendant's position. The Court will examine each in turn before determining whether the No-Fault Act applies here. The first argument is that the Sixth Circuit's decision in *United States v. Ferguson*, 727 F.2d 555 (6th Cir.1984), requires this Court to hold the No-Fault Act does not apply. Defendant, however, distinguishes *Ferguson* by saying that it involved a situation where the Government sued to recover damages as the result of a Michigan driver's negligence in causing an accident. Here, the Michigan driver is suing the Government. Defendant relies on Judge Pratt's decision in *Caruana* as its chief authority for the view that this factual difference is crucial.[1]

This Court agrees with the reasoning in *Caruana* that *Ferguson* does not apply where a Michigan driver is suing the Government. In a case like *Ferguson*, or *United States v. Spencley*, 589 F.Supp. 103 (W.D.Mich.1984), there is a strong federal fiscal interest in the reimbursement for a harm to federal property because the damage must otherwise be paid out of the public treasury. In these situations, courts have long recognized the federal government's "paramount power of control over its own property, both to prevent its unauthorized use or destruction and to secure indemnity for those injuries." *Ferguson*, 727 F.2d at 558–559, *citing United States v. Standard Oil Co.*, 332 U.S. 301, 306, 67 S.Ct. 1604, 1607, 91 L.Ed. 2067 (1946). Thus, the question in a case like *Ferguson* or *Spencley* is whether the strong federal interest in recovery by the Government treasury predominates over Michigan's interest in carrying out its No-Fault Act policies. The Court in *Ferguson* held that the federal interest did predominate and, thus, chose to hold the No-Fault Act inapplicable.

In this case, however, there is no traditional federal interest in protecting Army vehicles from damage. Instead, it is the Army vehicle which is alleged to have done the damage. The reasons for not using state law as required by the Federal Tort Claims Act are absent. Thus, given the lack of a federal interest in the instant cause (e.g., protecting its own property, or protecting the Army), this Court believes that *Ferguson* and *Spencley* are inapposite. This Court also notes that the Sixth Circuit in *Ferguson* stated that its ruling would probably not apply in a situation, as the instant cause, where a Michigan resident seeks the "fair and efficient recovery of accident damages" from the United States. 727 F.2d at 557.

A second argument against Defendant's view is that the Government in *Spencley* took exactly the opposite position that it adopted before this Court. Plaintiffs purport to quote from an unidentified Government brief in which the Government opines that the Michigan No-Fault Act does not apply to disputes between Michigan drivers and the United States over motor vehicular negligence. The first problem with this argument is that the source of this purported quote is not clear. The second problem is that Plaintiffs' position is an interesting rhetorical point, but it does not provide any legal basis for resolving this dispute. At best, it resembles a kind of unformulated judicial estoppel argument which this Court must reject.

The third argument against Defendant's position is that Michigan's No-Fault Act was not meant to apply to those vehicles which are owned and operated by the United States Government. Plaintiffs make two principle assertions in support of this position. First, they claim that this statute contains a mandatory security provision which is absolutely essential to obtain compliance with the Act:

---

1. Defendant's use of *McAdoo* is inapposite because the court never ruled on the applicability of the No-Fault Act. Instead, the parties simply agreed that it applied.

The owner or registerer of a motor vehicle required to be registered in the state shall maintain security for payment of benefits.

Mich.Comp.Laws Ann. § 500.3101(1). They conclude that the No-Fault Act was not intended to cover Government owned and operated vehicles because the state statute does not require such vehicles to be registered. Mich.Comp.Laws Ann. § 257.-216(f). Second, plaintiffs assert that Mich. Comp.Laws Ann. § 500.3135(2) also limits the No-Fault Act to vehicles which are appropriately registered.

The problem with this restrictive statutory construction argument is that it has already been rejected by several courts. In *Lee v. Detroit Automobile Inter-Insurance Exchange*, 412 Mich. 505, 315 N.W.2d 413 (1982), the Michigan Supreme Court specifically rejected Plaintiffs' position. Plaintiffs rely on Mich.Comp.Laws Ann. § 500.3101(1) for its assertion that registration of a "motor vehicle" is mandatory in order for the No-Fault Act to be applicable. Yet, in *Lee*, the Court pointed to the definition of "motor vehicle" in Mich.Comp.Laws Ann. § 500.3101(2), and stated that:

> Conspicuously absent is any language limiting "motor vehicle" to one required to be registered in the state or for which no-fault security must be maintained.

*Id.* at 513, 315 N.W.2d 413. On behalf of a unanimous court, Justice James Ryan concluded that:

> It is noteworthy that [M.C.L.A. § 500.-3105(1)] declares that entitlement to benefits depends, in part, upon "use of motor vehicle as a motor vehicle." There is no language qualifying the right to benefits or the insurer's duty to pay them with a requirement that such motor vehicle be a "registered", "insured", or "covered" motor vehicle as indeed might easily have been done had the Legislature so intended. The requirement is merely that the vehicle involved be a "motor vehicle" used, maintained, operated or owned "as a motor vehicle".

*Id.* at 512–513, 315 N.W.2d 413. Thus, *Lee* has explicitly rejected Plaintiffs' central argument. Consequently, non-registered vehicles are also covered by the No-Fault Act.

Plaintiffs also rely on Mich.Comp.Laws Ann. § 500.3135(2) as showing that the Act only covers registered vehicles. Yet, that section only refers to Mich.Comp.Laws Ann. § 500.3101(3) and (4) which, in turn, refer to the security provisions of Mich. Comp.Laws Ann. § 500.3101(1). Because § 500.3101(1) does not require security for the Act's coverage, Mich.Comp.Laws Ann. § 500.3135(2) also provides no independent basis for asserting that the Act requires security.

Federal courts have also adopted the rationale of *Lee*. The Sixth Circuit in *Ferguson* stated that in *Lee*, the Michigan Supreme Court:

> rejected a construction of the Act which would have made the no-fault benefit section of the Act (§ 500.3105) applicable only to accidents involving a motor vehicle required to be registered in the state.

*Ferguson*, 727 F.2d at 556. The court then endorsed "this expansive view of the Act's coverage." *Id.*

Thus, for the above reasons, this Court concludes that Michigan's "No-Fault" Automobile Insurance Act is applicable to the instant situation when a Michigan driver sues the United States for the allegedly negligent operation of a motor vehicle by an employee of the federal government.

IT IS SO ORDERED.