UNITED STATES of America, Plaintiff-Appellant,

v.

TRAVELERS INDEMNITY COMPANY, Defendant-Appellee.

UNITED STATES of America, Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

Nos. 83–8751, 83–8811.

United States Court of Appeals, Eleventh Circuit.

April 9, 1984.

Gregory J. Leonard, Asst. U.S. Atty., Macon, Ga., Major Chris G. Wittmayer, JAGC, HQDA (DAJA–LTT), OTJAG, Washington, D.C., for plaintiff-appellant.

Bryan F. Dorsey, Atlanta, Ga., for Travelers Indem. Co.

William B. Hardegree, Albert W. Stubbs, Columbus, Ga., for State Farm Mut. Auto. Ins. Co.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

We have before us two cases: *United States v. Travelers Indemnity Co.*, No. 83–8751, and *United States v. State Farm Mutual Automobile Insurance Co.*, No. 83–8811. Both cases present substantially the same issues; we have therefore consolidated them for decision. A state law question that the Georgia courts have yet to address will be dispositive in both cases; we therefore certify that question to the Georgia Supreme Court.

In both cases, the issue is whether the United States can recover from a serviceman's insurance company under the Georgia Motor Vehicle Accident Reparations Act, O.C.G.A. § 33–34–1 *et seq.*, for the reasonable cost of medical care provided the serviceman (or his dependent) pursuant to 10 U.S.C. § 1074 *et seq.* as a result of a covered motor vehicle accident. In *State Farm*, the United States sued in the district court to recover for medical care provided to Skippy L. Tom, an Army soldier; Jeanne M. Mulky, wife of a retired soldier; and Paul D. Kinard, a retired soldier. Each person was injured in a motor vehicle accident and is insured by State Farm. The United States sought recovery of $33,037 for care rendered to Tom; State Farm paid part of this claim during the litigation, and $23,037 is the current amount in dispute. The United States claims $330 for care rendered to Nalley. The third claim, for medical care provided to Kinard, has been mooted by payment by State Farm. In *Travelers*, the United States seeks recovery for $1,348 expended to provide medical services for Charles D. Bennett, a retired soldier. Bennett was also injured in an auto accident; at the time of the accident, he was covered by an insurance policy issued by Travelers.

Before certifying this case, we must determine whether the right of the United States to recover is one governed by a statute of the United States or by federal common law. We conclude that the right to recover is not governed by either a federal statute or federal common law, but is purely a question of state law.

In *United States v. Standard Oil Co.*, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947), the Supreme Court faced a similar issue. In that case, a soldier was injured by a Standard Oil Company truck through

the negligence of the driver. The United States sued the tortfeasor and Standard Oil. The Court addressed two issues: whether federal or state law governed resolution of the case and whether, under the applicable law, the United States could recover. The Supreme Court held that federal common law governs such a situation; however, the Court refused to fashion a rule of federal tort law allowing recovery. *Id.* at 313–17, 67 S.Ct. at 1610–12. The Court concluded that, in light of involvement of the "Governments' interests and relations" and "federal fiscal policy," Congress, not the Court, should decide whether a remedy should be available. *Id.* at 313–14, 67 S.Ct. at 1610–11. In 1961, Congress responded by enacting Public Law 87–693, codified as 42 U.S.C. § 2651. The statute grants the United States the right to recover for the value of medical assistance rendered to a "person injured ... under circumstances creating a *tort liability* upon some third person ...." 42 U.S.C. § 2651(a) (emphasis added).

■ It is clear from the language of the statute that it does not provide for a recovery in this case. The statute specifically requires "circumstances creating a *tort liability* upon some third person." We agree with the Court of Appeals for the Third Circuit that in passing section 2651 Congress chose "to limit recovery to instances where there was tort liability on a third person for medical expenses." *Heusle v. National Mutual Insurance Co.*, 628 F.2d 833, 838 (3d Cir.1980) (holding statute inapplicable in a similar case); *see also United States v. Dairyland Insurance Co.*, 674 F.2d 750, 751 (8th Cir.1982). Both Georgia and Pennsylvania (the state's statute at issue in *Heusle*), in adopting their respective no-fault statutes, have substituted a contractual claim for the traditional common law tort claim; thus, section 2651 does not apply in this case.[1]

Although it is clear that the federal statute does not allow recovery in this case, we must also decide whether federal common law (if it applies) allows recovery or otherwise affects the application of the state statute. None of the numerous cases addressing this issue with respect to the applicability of the statutes of other states has addressed this problem. *See, e.g., Dairyland,* 674 F.2d 750 (8th Cir.1982); *Heusle,* 628 F.2d 833 (3d Cir.1980); *Government Employees,* 605 F.2d 669 (2d Cir.1979). In each case, the court has simply ignored the issue and addressed the right of the government to recover under the state law. We also see no need to devote much time to this problem. It is clear that if the Georgia no-fault statute requires insurers to reimburse those suffering indirect losses on account of personal injury to the insured, then the government is entitled to reimbursement if it is in such a position. This is not a case, as was *Standard Oil,* in which we are asked to create an entirely new cause of action.[2]

Since the only issues remaining to be resolved are novel questions of state law, we think it proper to certify this case. We ordinarily request the parties to submit a proposed statement of facts and certificate of issues for decision before certifying a case; however, in view of the substantial agreement between the parties as to the issue to be decided, we need not do that here. We therefore certify the following facts and issue for decision by the Georgia Supreme Court.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA,

---

**1.** We recognize that the Court of Appeals for the Second Circuit has indicated that section 2651 applies in the situation at issue here. *See United States v. Government Employees Insurance Co.,* 605 F.2d 669, 672 & n. 4 (2d Cir.1979) (dicta). We agree with the Third Circuit that the Second Circuit reached the incorrect result; indeed, the Second Circuit might have resolved the question differently had it been necessary to the resolution of the case.

**2.** We note in passing that Congress (for unknown reasons) has amended the veterans' benefits statute to allow the government to recover for medical care rendered veterans in similar situations. *See* 38 U.S.C.A. § 629 (West Supp. 1981).

PURSUANT TO ARTICLE 6 SECTION 6 PARAGRAPH IV OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Eleventh Circuit that the above matters involve a question or proposition of the law of the State of Georgia which may be determinative of the causes, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Georgia. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following question of law of the State of Georgia for instructions concerning such question of law, based on the facts recited herein.

## I. STYLE OF CASES

The style of the cases in which this certificate is made is as follows: United States of America, Plaintiff-Appellant, versus State Farm Mutual Automobile Insurance Company, Defendant-Appellee, Case No. 83–8811; and United States of America, Plaintiff-Appellant, versus Travelers Indemnity Company, Defendant-Appellee, Case No. 83–8751, respectively filed in the United States Court of Appeals for the Eleventh Circuit.

## II. STATEMENT OF FACTS

The facts are stated in our opinion above resolving the initial questions of the applicability of federal law; we incorporate them here by reference.

## III. QUESTION TO BE CERTIFIED TO THE GEORGIA SUPREME COURT

Whether the United States can recover from an insured person's insurance company pursuant to the Georgia Motor Vehicle Accident Reparations Act, O.C.G.A. § 33–34–1 *et seq.*, for the reasonable cost of medical care provided the insured person (or his dependent) pursuant to 10 U.S.C. § 1074 *et seq.* as a result of a motor vehicle accident covered under the policy.

Our statement of the question is not designed to limit the inquiry of the Supreme Court of Georgia.

[T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

*Martinez v. Rodriguez*, 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The entire record in the cases, along with copies of the briefs of the parties, are transmitted herewith.

CERTIFIED.