**UNITED STATES of America, Plaintiff,**

v.

**STATE FARM INSURANCE COMPANY, Defendant.**

**Civ. A. No. 83–4788.**

United States District Court, E.D. Michigan, S.D.

Sept. 12, 1984.

442

Carolyn Bell Harbin, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

William D. Eggenberger, and Paul D. Hofmeister, Detroit, Mich., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JULIAN ABELE COOK, Jr., District Judge.

On November 2, 1983, the United States of America commenced this action on behalf of the Veterans Administration [VA] to recover the cost of medical treatment, which had been rendered to Ronald Mytty [Mytty], a veteran of the United States Armed Forces, under 38 U.S.C. § 610(a)(1)(B) and 38 U.S.C. § 612(f)(1). Defendant, State Farm Insurance Company [State Farm], filed an answer to the Complaint, asserting that (1) it was not liable for the cost of the services which had been rendered to Mytty and (2) the action was barred, in whole or in part, by M.C.L.A. § 500.3145. The parties have filed Cross Motions for Summary Judgment which are now before this Court for resolution.

On October 9, 1981, Mytty was seriously injured as the result of a hit and run automobile accident which occurred in Southfield, Michigan. He was hospitalized at the

VA Medical Center from October 28, 1981 to January 30, 1982 where he underwent a partial amputation of his right leg. Subsequently, he received out-patient care in March and April of that year.

It is undisputed that Mytty was insured under a no-fault policy, which had been issued by State Farm to Enio Mytty.

In a letter, dated April 6, 1982, the VA notified State Farm of its claim for the reasonable value of the services rendered to Mytty in connection with the accident. The VA subsequently provided documentation of the services rendered. In a letter, dated August 2, 1983, State Farm formally notified the VA that it would not honor the claim.

The Government seeks reimbursement for the services which had been rendered to Mytty, pursuant to 38 U.S.C. § 629 which provides in part:

(a) In any case in which a veteran is furnished care and services under this chapter for a non-service-connected disability that was incurred—

(2) as the result of a motor vehicle accident to which applies a State law that requires the owners or operators of motor vehicles registered in that State to have in force automobile accident reparations insurance, or

the United States has the right to recover the reasonable costs of such care and services from the State, or political subdivision of a State, employer, employer's insurance carrier, or automobile accident reparations insurance carrier, as appropriate, to the extent that the veteran, or the provider of care and services to the veteran, would be eligible to receive reimbursement or indemnification for such care and services if the care and services had not been furnished by a department or agency of the United States.

State Farm contends that the statute does not apply to this case because the accident, which gave rise to Mytty's medical care by the VA, occurred on October 9, 1981 and prior to November 3, 1981, the effective date of the statute. Thus, State Farm concludes that M.C.L.A. § 500.3109 operates to bar any reimbursement to the Government.[1]

In addition, State Farm argues that even if the Court should find that 38 U.S.C. § 629 applies to this case, the action is barred by the one year statute of limitations prescribed in M.C.L.A. § 500.3145.[2]

The Government contends that 38 U.S.C. § 629 applies to all services which were rendered after November 3, 1981, regardless of the date of the accident. It argues that the statute is triggered when the VA provides care and treatment to an eligible veteran as a result of an automobile accident, and not by an occurrence of that accident.

The Government goes on to argue that M.C.L.A. § 500.3109 is not an absolute bar to reimbursement. It points to Michigan case law which does not permit an insurance carrier to set off benefits, which had been received by an insured under Medicare or for Social Security retirement bene-

1. Section 500.3109(1) provides: Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits.

2. Section 500.3145(1) states: An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person inured and the time, place and nature of his injury.

fits, see *LeBlanc v. State Farm Insurance Co.*, 410 Mich. 173, 301 N.W.2d 775 (1981) and *Jarosz v. Detroit Automobile Inter-Insurance Exchange*, 418 Mich. 565, 345 N.W.2d 563 (1984).

Moreover, it argues that M.C.L.A. § 500.-3109 is not a bar to reimbursement because subsection (e) of § 629 explicitly provides that "no law of any State or of any political subdivision of a State and no provision of any contract or agreement entered into, renewed or modified under any State law, shall operate to prevent recovery by the United States" of costs of care and services rendered under the subsection (a). In the Government's view, this language clearly indicates Congress' intent to preempt legislation such as M.C.L.A. § 500.3109.

Next, the Government argues that the statute of limitations set forth in M.C.L.A. § 500.3145 does not bar recovery because the United States is not bound by the statute of limitations of a state or subject to defenses of laches in enforcing its rights. It contends that the applicable statute of limitations is 28 U.S.C. § 2415(a) which sets forth a six year limitation on actions by the Government to recover damages that are founded upon an express or implied contract.

Alternatively, the Government argues (1) that it can pursue this cause of action without limitation, and (2) even if M.C.L.A. § 500.3145 applies, it was tolled until State Farm gave formal notice of the denial of the Government's claim.

■ At the outset, this Court must determine whether 38 U.S.C. § 629 applies to this action. Upon adoption of this statute, Congress unequivocably stated that subsection 629(a) "shall apply with respect to *care and services* furnished [to eligible veterans] on or after the date of the enactment of this Act [November 3, 1981]" (emphasis added). Act, Nov. 3, 1981, P.L. 97–72, Title 1, Section 106(b), 95 Stat. 1051, 38 U.S.C.

§ 629 note (West Supp.1983). This Court has not found any case which interprets the effect of this language. Moreover, the parties have not directed this Court to any such case law. Therefore, the Court must look to the plain meaning of the statute to discern the Congressional intent.

Although subsection (a)(2) refers to "care and services" which have been rendered as a result of a motor vehicle accident, it does not follow that an accident giving rise to those services must occur on or after November 3, 1981. It is a well established maxim that courts should apply the least restrictive interpretation to a Congressional enactment. If the Court accepts State Farm's interpretation, it would deprive the Government's recovery of a substantial revenue for services which have been rendered for non-service connected injuries. Moreover, the language of the statute emphasizes that it is effective for "care and services" rendered on or after November 1, 1983. It makes no reference to the events in subsection (a) which might give rise to the need for such services.[3] Thus, this Court must conclude that the triggering event is not the accident but the care and services rendered by the VA. Thus, any costs, which were incurred for care and services rendered on or after November 3, 1981, are subject to 38 U.S.C. § 629. It is immaterial that the accident occurred prior to that date or that the service might have commenced prior to the effective date.

■ State Farm also argues that M.C.L.A. § 500.3109 would, nonetheless, bar the Government's recovery. This argument is without merit. The legislative history of 38 U.S.C. § 629 and the plain language of subsection (e) of § 629 defy such an interpretation. Subsection (e) states emphatically that "no law of any State ... shall prevent recovery" under the statute. The legislative history indicates that subsection (e) was enacted in direct response to such statutes as M.C.L.A. § 500.3109.[4]

---

**3.** Subsection (a) also includes injuries incident to employment, workers compensation, and crimes of personal violence.

**4.** All States have workers' compensation programs; however, six States pose collection problems largely because of exclusionary clauses, or State statutes which do not recognize veterans'

There can be no doubt that 38 U.S.C. § 629 preempts the Michigan statute which grants a set-off to insurance carriers and, thereby, operates as a bar to the Government's attempts to obtain reimbursement.

 Next, State Farm contends that even if 38 U.S.C. § 629 applies, this present action is barred by the one year statute of limitations on no-fault claims found in M.C. L.A. § 500.3145. This position overlooks the exemptions of the United States from the operation of statutes of limitations except in those instances where it expressly imposes a limitation upon itself. *United States v. Thompson*, 98 U.S. 486, 25 L.Ed. 194 (1887); *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. Weintraub*, 613 F.2d 612 (6th Cir.1979). Thus, Michigan's one year statute of limitations is no defense to the Government's instant claim.

 Congress, however, has imposed a general statute of limitations upon the Government for actions sounding in tort or contract. 28 U.S.C. § 2415(a) imposes a six year statute of limitations on actions "founded upon any contract express or implied in law or in fact." 28 U.S.C. § 2415(b) imposes a three year statute of limitations on actions "founded upon a tort."

The question presented here is whether this present action falls within the ambit of § 2415 and, if so, whether it sounds in tort or contract. The Government argues that this action is one of quasi contract or implied contract. It contends that this action for reimbursement is grounded on the principle of unjust enrichment and, therefore, sounds in contract. State Farm contends that this action is governed by an express contract between it and the primary insured, Enio Mytty, which limits recovery to one year following the date of the accident.

The provision contract of insurance does nothing more than reiterate the statutory language of M.C.L.A. § 500.3145 [5] and op-

assignment to the Veterans' Administration, or because the States do not recognize the Veterans' Administration's right to recover in litigation cases. Seventeen States have no-fault automobile insurance statutes and two States have no-fault automobile insurance statutes and two States offer statutory and case law problems in recovery actions. Twenty-six States have statutes on compensating victims of crimes of personal violence; however, the Veterans' Administration has difficulty in collecting in nine States because (1) Federal hospitals are excluded as "other source of recovery," (2) claims go directly to the victims and claims are not assignable, or (3) veterans are not required to pay for medical care received.

The reported bill would strengthen and clarify the Veterans' Administration's authority to recover the costs of veterans' nonservice-connected care from State workers' compensation, "no-fault" auto insurance and crimes of personal violations where a veteran would have entitlement to payment or reimbursement by a third party for appropriate medical care furnished in a non-Federal hospital. 1981 U.S.Code Cong. and Adm.News, pp. 1685, 1693.

VA has had for many years an active program in most States for recovering health-care costs for disabilities covered by workers' compensation, automobile no-fault accident insurance, or a State's crime-victims compensation program. Under the authority granted to the Veterans' Administration pursuant to the provisions of the Federal Medical Care Recovery Act (FMCRA), which enables us to recover hospital costs from tortiously liable third parties, the VA, in fiscal year 1980, collected $9,081,479. Of that total, approximately one-half was collected under the FMCRA. However, the VA does not currently a specific statutory basis to pursue collections for injuries when no tort liability need be shown, such as, under workers' compensation, automobile no-fault accident insurance, or a State's crime-victims' compensation program. Rather, such collection efforts are pursued under various State laws. *Regrettably, as a result of adverse court decisions and State statutes that are worded in such a fashion as to provide payment to private health care providers, but exclude payment to federal health care providers, we are experiencing difficulties in collecting in a few States. By taking precedence over State laws and State court rulings precluding such recoveries, the proposed bill would forestall future litigation and provide for uniformity of recovery procedures in all States.* 1981 U.S.Code Cong. and Admin.News, p. 1713, emphasis added.

5. The language set forth in State Farm's brief states as follows:

Action against company. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this endorsement, provided further than an action for recovery of Personal Protection Insurance Benefits payable under this insurance may not be commenced later than one year after the date of

erates to place the insured on notice of the statutory limitation. Thus, the true limitation is imposed by statute, and not by the terms of the contract.

In *United States v. Limbs*, 524 F.2d 799 (9th Cir.1975), the Court stated:

> The fact that the government's right to reimbursement derives from statute rather than common law does not affect characterization of the claim as quasi-contractual. A statutory right of recovery may be deemed quasi-contractual if it "is a legal obligation, not based upon agreement, [and] enforced ... by compelling the obligor to restore the value of that by which he was unjustly enriched." Corbin, *Quasi-Contractual Obligations*, 21 Yale L.J. 533, 550 (1912) (emphasis deleted). Thus in *Steamship Co. v. Joliffe*, 69 U.S. (2 Wall.) 450, 456–457, 17 L.Ed. 805 (1864), a right of action by a harbor pilot for half-pilotage fees, although given by statute, was quasi-contractual. In *Whitman v. Oxford National Bank*, 176 U.S. 559, 567, 20 S.Ct. 477 [480], 44 L.Ed. 587 (1900), a creditor's suit against a stockholder of an insolvent corporation, although predicated upon a statutory right, was quasi-contractual in nature. *See also, e.g., Nathanson v. NLRB*, 344 U.S. 25, 27, 73 S.Ct. 80 [82], 97 L.Ed. 23 (1952); *Brown v. O'Keefe*, 300 U.S. 598, 606, 57 S.Ct. 543 [548], 81 L.Ed. 827 (1937). Indeed, it has been said that "[a] statutory obligation which does not rest upon the consent of the parties, is clearly quasi-contractual in its nature." W. Keener, Quasi-Contracts 16 (1893). *See also* Corbin, *Quasi-contractual Obligations*, 21 Yale L.J. 533, 537 (1912).

At 801.

In this action, Mytty's injuries arose out of tortious conduct of a hit and run. His right of recovery from State Farm is not based on negligence of the insured or that of the unidentified hit and run driver but upon M.C.L.A. § 500.3114 which prescribes those individuals who are entitled to no fault protection, and upon which Mytty's claim against State Farm was based. Moreover, the Government's action is fashioned to prevent the insurance carrier from unjustly benefiting from the fortuitous circumstance of Mytty's veteran status. The Government has provided medical care and services to Mytty at a significant cost to the taxpayers. But for Mytty's status, State Farm would have been bound to pay for that care from the outset. The insurance premiums paid by Enio Mytty were assessed with a view toward the risk of an accident such as the one presented here. State Farm's failure to pay for the reasonable value of the services rendered by the VA has unjustly enriched the insurance carrier and significantly burdened the taxpayers. This is a classic case of unjust enrichment and, as the Court stated in *Limbs, supra*, at 801:

> The government's claim, however, is founded not upon tort but upon quasi-contract. The right to recover the benefit payments does not have its genesis in the automobile accident; it is triggered by the recovery from the third party. This claim is not for damages suffered as a result of an injury to the government caused by the Limbses; it is for restitution of payments in order to avoid a double recovery. The principle is not to vindicate impairment of a right; it is to prevent unjust enrichment. *See generally*, W. Keener, Quasi-Contracts 5–25 (1893).

This Court concludes that this action is grounded on a quasi-contract and subject to the six year statute of limitations in 28 U.S.C. § 2415(a). Thus, the Court hereby finds that (1) 38 U.S.C. § 629(a) is applica-

---

accident causing the injury unless written notice of injury as provided herein has been given to the company within one year after the accident or unless the company has previously made a payment of Personal Protection Insurance Benefits for the bodily injury. If the notice has been given or a payment has been made, the action may be commenced at any time within one year after the most recent allowable expense, work loss or survivors loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced.

ble to this action, (2) 38 U.S.C. § 629(e) preempts M.C.L.A. § 500.3145, and (3) 28 U.S.C. § 2415(a) is the applicable statute of limitations. In view of this, the Court need not address the issues of state law which have been raised by the parties.

Therefore, the Court grants summary judgment to Plaintiff, and denies Defendant's Motion for Summary Judgment. State Farm is hereby deemed to be liable for all medical care and services which were rendered to Mytty by the Government in connection with the automobile accident of October 9, 1981.

SO ORDERED.