**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**
Plaintiff,

v.

**Roman David ANDUJAR, individually, and as Administrator of the Estates of Nereida Andujar, deceased, and Yaritza Andujar, deceased, Stephen Freed, as Special Administrator of the Estates of Carmen Sara Alicea, deceased, and Brenda Omayra Alicea, deceased; Juan R. Alicea–Sanchez; Juan R. Alicea–Esteras, Jr.; United States Army; Allstate Insurance Company; and Dairyland Insurance Company, Defendants.**

No. 89–1594–C.

United States District Court,
D. Kansas.

Aug. 13, 1991.

David G. Seely, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for Government Employees Ins. Co.

Anne B. Miller, Everett, Seaton, Miller & Bell, Manhattan, Kan., Rogers L. Brazier, Jr., Topeka, Kan., for Roman David Andujar.

Stephen Freed, pro se.

Stephen Freed, Meryl D. Wilson, Stites, Hill, Wilson, Knopp & Abbott, Manhattan, Kan., for Juan R. Alicea–Esteras, Jr.

Stephen K. Lester, U.S. Attorney's Office, Wichita, Kan., for U.S. Dept. of the Army.

D. Lee McMaster, Wichita, Kan., for Allstate Ins. Co.

Bryce A. Abbott, Wallace, Saunders, Austin, Brown & Enochs, Wichita, Kan., for Dairyland Ins. Co.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case arises out of an automobile accident caused by the negligence of Donald Good, an uninsured motorist. The accident resulted in the death of Good and all of the occupants of the car with which he collided. The other car, driven by Nereida Andujar, was covered by an automobile insurance policy issued by the Government Employees Insurance Co. (GEICO), which included uninsured motorist coverage. This action was filed by GEICO to determine its rights and obligations under the insurance contract.

As a result of injuries caused by the accident, the United States Army (United States), as authorized and required by law, furnished hospital, medical and surgical care and treatment to Nereida Andujar, Yaritza Andujar and Carmen Sara Alicea. The United States, under the Federal Medical Care Recovery Act, (FMCRA) 42 U.S.C. § 2651, *et seq.*, claims that it is entitled to recover from GEICO the reasonable value of the care and treatment it furnished.

GEICO named Allstate Insurance Company (Allstate) as a defendant in its complaint as that company "may claim a right of subrogation for payments made to or on behalf of Carmen Sara Alicea and/or Brenda Omayra Alicea, pursuant to its policy of insurance." [1] GEICO named Dairyland Insurance Company (Dairyland) as a defendant in its complaint as that company "may claim a right of subrogation for payments made to or on behalf of Carmen Sara Alicea and/or Brenda Omayra Alicea, pursuant to its policy of insurance." [2]

This case comes before the court upon the motions of defendants Roman David Andujar (husband of Nereida and father of Yaritza), Juan R. Alicea–Esteras, Jr., Juan R. Alicea–Sanchez, Carmen Sara Alicea, deceased, and Brenda Omayra Alicea, deceased, for summary judgment. Roman David Andujar has filed a memorandum in which the other defendants moving for summary judgment join. In these motions, the defendants argue that the United States is not entitled to any portion of the proceeds of the uninsured motorist insurance. The United States opposes the defendants' motion for summary judgment, contending that it is entitled under the FMCRA and the terms of the insurance agreement to the reasonable value of the medical services provided.

### Standards for Summary Judgment

Summary judgment is appropriate when the movant can demonstrate that there is no genuine issue of material fact and is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S.

---

1. Allstate's answer claims a right of subrogation in the amount of $2,000 for funeral expenses it has paid under its policy.

2. Dairyland's answer seeks reimbursement for "any and all sums which this defendant was required to pay or will be required to pay pursuant to the terms and provisions of it policy of insurance; and, for such other relief as the Court deems just and equitable."

317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Fed.R.Civ.P. 56(c). As the issues presented by these motions are purely questions of law, summary judgment is appropriate.

## Facts

The essential facts are uncontroverted; the United States's response adds additional facts to the defendants' statement of uncontroverted facts and controverts one statement of fact which is immaterial to the court's decision. A copy of the insurance policy issued by GEICO is included as an exhibit to the memoranda in support of the motions for summary judgment.

GEICO is a foreign insurance corporation duly qualified to do business in Kansas and having its principal place of business in Chevy Chase, Maryland. The United States of America administers the Civilian Health and Medical Program of the Uniform Services (CHAMPUS). 10 U.S.C. § 1072(4). Nereida Andujar, David Andujar, and their children were covered by CHAMPUS as a military family for a specified portion of health care obtained by them from civilian hospitals and doctors.

GEICO issued a policy of automobile insurance to Roman David Andujar which afforded liability, medical payments and uninsured motorist coverage.

On October 3, 1987, Nereida Andujar was driving a 1981 Toyota, insured by GEICO, west-bound on U.S. Highway 24 in Pottawatomie County, Kansas when it was struck by an east-bound motor vehicle driven by Donald Good. Yaritza Andujar, Carmen Sara Alicea and Brenda Omayra Alicea were passengers in the vehicle driven by Nereida Andujar at the time of the accident.

Nereida Andujar, Yaritza Andujar, Carmen Sara Alicea, Brenda Omayra Alicea and Donald Good died as a result of injuries suffered in the accident. Donald Good's negligence was the sole cause of the accident. Donald Good had no motor vehicle insurance in effect at the time of the accident.

As a result of the automobile accident, the United States Army, as authorized and required by law, furnished hospital, medical and surgical care and treatment to Nereida Andujar, Yaritza Andujar and Carmen Sara Alicea for their injuries caused by the negligence of Donald Good.

On behalf of Nereida Andujar and Yaritza Andujar, Roman David Andujar, as administrator of the estates of Nereida Andujar and Yaritza Andujar, and as sole heir of Nereida Andujar and Yaritza Andujar, has made claim against the proceeds of the GEICO uninsured motorist coverage in the amount of $50,000 and bodily injury liability coverage in the amount of $50,000. Stephen Freed, as special administrator of the estates of Carmen Sara Alicea and Brenda Omayra Alicea, Jaun R. Alicea–Sanchez, and Jaun R. Alicea–Esteras, Jr., also claims an interest in the proceeds.

On November 13, 1989, GEICO filed this lawsuit for a declaration of its rights and obligations as against the various claims of the defendants filed herein. The government claims an interest in the policy in the amount of $76,155.29 for the value of the care furnished to Nereida Andujar, Yaritza Andujar and Carmen Sara Alicea on account of the injuries they sustained as a result of the careless and negligent acts of Donald Good.

On May 23, 1990, the GEICO deposited with this court the sum of $100,000 as the proceeds of its bodily injury and uninsured motorist coverage afforded under the Andujar policy of insurance. Pursuant to the agreement of the parties and the order and judgment of this court, the obligations of plaintiff under its policy of insurance are satisfied and discharged.

Roman David Andujar, individually and for and on behalf of the heirs at law of Nereida Andujar and Yaritza Andujar, has filed a separate action in this court against Toyota Motor Distributors, Inc., and others, for the wrongful death of Nereida Andujar and Yaritza Andujar; and a survivorship action on behalf of Nereida Andujar.[3]

3. *Roman David Andujar, individually and for and on behalf of the heirs-at-law of Nereida*

*Andujar, deceased and Yaritza Andujar, deceased; Roman David Andujar, administrator of*

The aggregate of the claims of all the parties in the instant case exceed the maximum amount of GEICO's obligation under the policy—the $100,000 paid into the court.

The Andujars and the Aliceas have reached an agreement regarding the just and proper distribution of the proceeds of the GEICO policy: one-fifth (⅕) going to the heirs at law of the four (4) individuals for the wrongful death claims and another one-fifth (⅕) going to the heirs at law of Nereida Andujar for her survivorship claim. The United States acknowledges the existence of that agreement, but contends that its rights to the insurance proceeds are not affected by that agreement.

### Arguments of the Parties

The parties agree that no decision from Tenth Circuit squarely addresses the issue presented by this case.

The parties seeking summary judgment contend that the United States is not entitled to any portion of the proceeds of Andujar's insurance policy. They contend that under FMCRA, the United States is only entitled to recover the reasonable value of medical expenses from the tortfeasor, Donald Good. Because GEICO is not the tortfeasor, the United States is not entitled to the proceeds of the uninsured motorist policy under the FMCRA. The parties seeking summary judgment argue that allowing the United States to recover medical expenses from Andujar's insurance policy is a windfall to the government which is neither supported by the legislative history nor the express language of the statute.[4]

The United States acknowledges that GEICO is not the "tortfeasor," but argues that it is nevertheless entitled to compensation for the reasonable value of medical services rendered. The United States cites several cases in which the court has allowed the government to access the uninsured motorist coverage proceeds, notwithstanding the fact that the government was not directly entitled to recover under the FMCRA. The United States contends that those courts have looked to the express terms of the insurance agreement and concluded that the government was either an "insured" under the insurance policy or was otherwise entitled to recover as a third party beneficiary.

The parties seeking summary judgment respond that the cases cited by the United States are inapposite as none of the insurance policies at issue in those cases contained the same limitations found in Andujar's policy with GEICO. They contend that under the express terms of the insurance policy, the government's claim for the reasonable value of medical services is barred.[5]

42 U.S.C. § 2651(a) provides in pertinent part:

> In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment ... to a person who is injured or suffers a disease, after the effective date of this Act, *under circumstances creating tort liability upon some third person ... to pay damages therefor, the United States shall have*

the estate of Nereida Andujar, deceased; and Roman David Andujar, administrator of the estate of Yaritza Andujar, deceased v. Toyota Motor Distributors, Inc., a corporation; Toyota Motor Corporation; Toyota, a corporation; and Government Employees Insurance Company, a/k/a GEICO, a corporation, Case Number 89–1471–C.

**4.** The defendants' motions for summary judgment and the accompanying memoranda do not expressly address the interests, if any, of Allstate or Dairyland. The court therefore construes the motions for summary judgment as seeking summary judgment only on the issue of whether the United States has any interest in the proceeds of the GEICO policy.

The court recognizes that the Andujars and the Aliceas have agreed upon the proper distribution of the proceeds amongst themselves, but that agreement is only referred to in the defendants' brief and does not appear in the court file. That agreement, as described, does not appear to account for the interests, if any, of Allstate or Dairyland. If an agreement regarding the distribution of funds has been reached with Allstate and Dairyland, the court is unaware of such an agreement.

**5.** The court notes that neither the defendants seeking summary judgment nor the United States analyzed the terms of the insurance policy in their initial brief.

*right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished* and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished.

*See* 32 C.F.R. Ch. V Part 537. This statute "creates no substantive law of negligence, and the courts must look to the applicable state law to determine whether the injured party has any rights or claims to which the government may be subrogated." *United States v. Jackson,* 572 F.Supp. 181, 183 (W.D.Mich.1983). The primary thrust of FMCRA is to ensure that the cost of treating injured persons to whom the United States makes care available is borne by those legally responsible for the injury, not the taxpayer. *United States v. Allstate Ins. Co.,* 573 F.Supp. 142, 145 (W.D.Mich. 1983). *See Allen v. United States,* 668 F.Supp. 1242 (W.D.Wis.1987) (discussing the legislative history of the FMCRA) [6]; *United States v. Leonard,* 448 F.Supp. 99, 101 (W.D.N.Y.1978) (purpose of FMCRA is to avoid windfalls to accident victims immune from government suit and third party tortfeasors or their insurers).

While not directly relevant to the case at bar, the court notes that in states which have adopted no-fault insurance (which basically substitutes a contractual claim for the traditional common law tort claim), courts have recognized that no FMCRA right exists. *See United States v. Trammel,* 899 F.2d 1483 (6th Cir.1990); *United States v. Travelers Indem. Co.,* 729 F.2d 735, 737 (11th Cir.1984); *Heusle v. National Mutual Insurance Co.,* 628 F.2d 833, 838 (3rd Cir.1980); *but see United States v. Allstate Ins. Co.,* 69 Haw. 290, 740 P.2d 550 (1987) (United States may recover from serviceman's no-fault insurance carrier); *United States v. Criterion Ins. Co.,* 198 Colo. 132, 596 P.2d 1203 (1979). The court also notes that Congress has amended the veteran's benefit statute to allow the Secretary of Veterans Affairs to recover for medical care provided to veterans in states with no-fault insurance. 38 U.S.C. § 629.[7] *See Travelers Indem. Co.,* 729 F.2d at 737 n. 2 (making same observation); *United States v. State Farm Ins. Co.,* 599 F.Supp. 441, 444–45 (E.D.Mich.1984) (discussing legislative history of § 629); *Allen,* 668 F.Supp. at 1248 n. 7. Apparently, no comparable amendment has been made to 42 U.S.C. § 2651.

■ Under the facts of the case at bar, the FMCRA does not provide the United States with a direct right to the proceeds of Andujar's uninsured motorist policy. Nereida Andujar was not a "third person" nor was she the tortfeasor. GEICO is not liable in tort. *Allen,* 668 F.Supp. at 1248. Donald Good, the uninsured motorist, was the tortfeasor. The FMCRA only provides the United States with a right to recover from Donald Good.

This analysis does not, however, end the court's inquiry. As the United States argues, several courts have allowed the

**6.** The court notes that Roman David Andujar's reply brief refers to "syllabus eight" of the *Allen* case. The court has reviewed the quote from "syllabus eight." Andujar has incorrectly identified the headnotes, written by West Publishing Co., as the syllabus of the court. The headnotes supplied by West are not part of the court's decision and should not be cited as statements of law. *See Lewis v. East Feliciana Parish School Board,* 635 F.Supp. 296, 299 n. 8 (M.D.La.1986), *aff'd* 820 F.2d 143 (5th Cir.1987) (headnote forms no part of the opinion). The headnotes are only included to summarize the court's decision and hypothetically to place the decision in the key number system where the decision can be located at a later time.

The court also notes that the Tenth Circuit has criticized a portion of the court's decision in *Allen* not relevant to the issues presented by these motions. *United Services Auto. Ass'n,* 859 F.2d 842, 845 n. 3 (10th Cir.1988), *cert. denied,* 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989) (*Allen* court makes erroneous findings in regard to USAA's diversity status).

**7.** 38 U.S.C. § 629(f) provides:
   No law of any State of any political subdivision of a State, and no provision of any contract or other agreement, shall operate to prevent recovery or collection by the United States under this section or with respect to care or services furnished under section 611(b) of this title.

government to recover uninsured motorist proceeds for the reasonable value of the medical services provided notwithstanding the fact that the government was not entitled to recover directly under the FMCRA. In those cases, the courts have looked to the express terms of the insurance policy and applicable state law to determine whether the United States was an "insured" or otherwise able to claim an interest in the proceeds as a third party beneficiary.

As an example, in *GEICO v. United States*, 376 F.2d 836 (4th Cir.1967), Raymond F. Krebs, III, the son of an Army officer, was in an automobile accident in which the car he was traveling was struck by a car not covered by liability insurance. The car in which Krebs traveled was insured by GEICO; Krebs entered a settlement agreement with GEICO under the uninsured motorist clause of that policy.

The United States apparently claimed a right to recover the medical expenses incurred by it in treating Krebs. The district court granted the United States summary judgment; the court of appeals affirmed.

The portion of the policy obligating GEICO to pay under the uninsured motorist provision defined "insured" to include "(a) the named insured and any relative; (b) any other person while occupying an insured automobile; and (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above."

GEICO made essentially the same argument advanced by the parties moving for summary judgment in this case. The court commented:

[GEICO argues] that the right of the United States to recover rests wholly upon the provisions of the Federal Medical Recovery Act, which gives a right of action solely against the third-person-tortfeasor, or, as in this case, the uninsured motorist, without any rights of subrogation, and that, since appellant is not such a third-person-tortfeasor, it is without liability. But this argument misapprehends that the right of the United States does not rest wholly on the Federal Medical Recovery Act. It relies on that Act merely to establish its right to recover of the uninsured motorist, a right apparently conceded by [GEICO]. But it plants its right to recover upon the express language of the policy, which provides that one entitled to recover of the uninsured third party is in turn entitled to payment under the policy as an insured as defined in [the policy].

*Id.* at 837. *See United States v. Hartford Acc. & Indem. Co.*, 460 F.2d 17 (9th Cir.), *cert. denied*, 409 U.S. 979, 93 S.Ct. 308, 34 L.Ed.2d 243 (1972); *United States v. GEICO*, 440 F.2d 1338 (5th Cir.1971); *United States v. USAA*, 312 F.Supp. 1314 (D.Conn. 1970); *United States v. Commercial Union Ins. Group*, 294 F.Supp. 768 (S.D.N.Y.1969); Annotation, *Validity and Construction of Medical Care Recovery Act (42 USC §§ 2651–2653), Dealing With Third–Party Liability for Hospital and Medical Care Furnished by United States*, 7 A.L.R.Fed. 289 (1971).

These cases are distinguishable from the case at bar. The policy issued by GEICO to Andujar (as amended) states in pertinent part:

SECTION IV

. . . . .

DEFINITIONS

. . . . .

2. *"Insured"* means:

[a] the individual named in the declarations and his or her spouse if a resident of the same household;

[b] *relatives* of [a] above if residents of his household;

[c] any other person while *occupying* an *insured auto;* or

(d) any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under [a], [b], and [c] above.

. . . . .

EXCLUSIONS:
When Section IV Does Not Apply

. . . . .

4. We do not cover the United States of America or any of its agencies as an insured, a third party beneficiary or otherwise.

. . . . .

■ By the express terms of the insurance agreement the *United States* is not an insured or a third party beneficiary. In none of the cases cited by the United States did the insurance policy under which the government was allowed to recover contain a similar exclusion. The court, in its independent research of this issue, could find no case in which the United States claimed the status of "insured" or third party beneficiary where the uninsured motorist insurance policy contained an exclusion similar to the one contained in the Andujars' policy. *But see Criterion Ins.,* 198 Colo. at 136, 596 P.2d 1203 (provision in no fault insurance policy excluding United States as insured or third beneficiary abrogated by Colorado no-fault statute).[8]

The United States' right to recover as a third party beneficiary is governed by the language of the insurance policy and by state law. *United States v. Dairyland Ins. Co.,* 485 F.Supp. 539, 542 (D.N.D.1980), *aff'd* 674 F.2d 750 (8th Cir.1982); *see United States v. State Farm Mutual Automobile Ins. Co.,* 455 F.2d 789 (10th Cir.1972). The Supreme Court of Kansas has summarized the law Kansas regarding third party beneficiaries:

> To be a third party beneficiary to a contract, the contract must be made for the third party's benefit as its object, and he must be the party intended to be benefitted in order to be entitled to sue upon it. *Burton v. Larkin,* 36 Kan. 246 [13 P. 398 (1887)]. The third party beneficiary can enforce the contract if he is one who the contracting parties intended should receive a direct benefit from the contract. Contracting parties are presumed to act for themselves and therefore an intent to benefit a third person must be clearly

expressed in the contract. *Ronnau v. Caravan International Corporation,* 205 Kan. 154, 159, 468 P.2d 118 (1970). *Fasse v. Lower Heating & Air Conditioning, Inc.,* 241 Kan. 387, 389, 736 P.2d 930 (1987). "In determining the intent of the contracting parties as to the rights of third party beneficiaries, the general rules applicable to the construction of contracts are applied. The intention of the parties and the meaning of the contract are to be determined from the instrument itself where the terms are plain and unambiguous." *Cornwell v. Jespersen,* 238 Kan. 110, Syl. ¶ 5, 708 P.2d 515 (1985). *See Noller v. General Motors Corp.,* 244 Kan. 612, 772 P.2d 271 (1989). *See also* 18 *Couch on Insurance* § 74:333 (2d ed. 1983).

An insurance policy is a contract. *Chance v. The Farm Bureau Mut. Ins. Co., Inc.,* 756 F.Supp. 1440, 1442 (D.Kan. 1991). Plain and unambiguous insurance policies must be given their plain meaning. *Central Sec. Mut. Ins. Co. v. DePinto,* 235 Kan. 331, 681 P.2d 15 (1984).

The court concludes that the United States is not entitled to any portion of the proceeds of the uninsured motorist coverage. In its brief, the United States argues that the "appropriate consideration [in deciding this motion] is whether the United States qualifies for consideration as an insured person under the policy." By the express terms of the policy, the United States is not an insured or a third party beneficiary. *Cf. Allstate Ins. Co.,* 573 F.Supp. at 145–46 (United States' third party beneficiary claim inconsistent with provisions of state statute). Under the arguments advanced by the United States, it is not entitled to any portion of the proceeds.

While the court agrees that the United States is not entitled to any portion of the $100,000, the parties seeking summary judgment are not entitled at this time to a disbursement of those funds.[9] Final judg-

8. The United States *does not* argue that the exclusion found in the policy issued by GEICO is abrogated by Kansas law governing uninsured motorist coverage.

9. The defendants' motions are titled "Motions for Summary Judgment" and each defendant claims they are entitled to judgment as a matter of law. As noted above, because none of the motions address the rights of Allstate or Dairyland, the court has construed the motion as

ment therefore cannot be entered in favor of the defendants seeking summary judgment.

IT IS THEREFORE ORDERED that the motions for summary judgment of defendants Roman David Andujar (Dk. 26), Juan R. Alicea–Esteras, Jr. (Dk. 27), Juan R. Alicea–Sanchez, Carmen Sara Alicea, deceased, and Brenda Omayra Alicea, deceased (Dk. 28) are granted insofar as the court concludes that the United States does not have an interest the proceeds of the GEICO policy. This order does not determine the validity of the claims of the remaining defendants, Allstate and Dairyland.

motions to determine their rights vis-a-vis the  United States.