COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AMY WARMBROD, | § | No. 08-10-00306-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 169th Judicial District Court |
| USAA COUNTY MUTUAL INSURANCE COMPANY, | § | of Bell County, Texas |
| | § | |
| Appellee. | § | (TC#238,990-C) |

**O P I N I O N**

Amy Warmbrod filed suit against United Services Automobile Association (USAA) alleging various causes of action and seeking damages arising out of USAA's handling of her underinsured motorist claim. Warmbrod appeals the summary judgment granted in favor of USAA. We affirm.

**BACKGROUND**

Warmbrod sustained severe injuries in a car accident on July 28, 2006. She was treated free of charge at United States Army hospitals by virtue of her husband's military status. Warmbrod's injuries and damages were in excess of both the tortfeasor's insurance coverage and the underinsured motorist's (UIM) provisions of her own USAA auto insurance policy. Warmbrod demanded that USAA pay her the $100,000 UIM benefits under her policy. The United States Army submitted a reimbursement claim to USAA for the medical care it rendered to Warmbrod in the amount of $26,404.96 pursuant to 10 U. S. C. § 1095 and the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651-53. After receiving two payments totaling $3,403.53, the Army sought to recover from USAA the remaining balance of $23,101.43, claiming that it had a

right to all available insurance coverage including Warmbrod's UIM benefits which were payable to Warmbrod under her USAA policy. USAA paid Warmbrod $76,898.57 of the $100,000 UIM benefits and issued a second check for the remaining $23,101.43 payable to Warmbrod, her attorney, and the Army.

Warmbrod brought suit against USAA alleging it violated the Texas Deceptive Trade Practices Consumer-Protection Act, Texas Insurance Code, Fifth Amendment of the United States Constitution, and Article 1 Section 17 of the Texas Constitution. Specifically, Warmbrod claimed USAA engaged in unfair claims settlement practices and its handling of her underinsured motorist claim amounted to a taking of her private property without due process of law. USAA filed a traditional motion for summary judgment, and later amended its motion to address Warmbrod's violation of due process allegations. Warmbrod filed a response to the motion for summary judgment and also included a counter motion for partial summary judgment, in which she asked the court to find that USAA acted with falsity and deception, intentionally committed unfair claims settlement practices, and violated her due process rights under both the U.S. and Texas Constitutions. The trial court granted summary judgment in favor of USAA without specifying the grounds for its ruling. This appeal followed. The USAA check in the amount of $23,101.43 remains unpaid and Warmbrod seeks to recover the entire amount.

**DISCUSSION**

Warmbrod raises four issues on appeal challenging the order granting summary judgment. In Issue One, Warmbrod contends that the trial court erroneously granted USAA's amended motion for summary judgment because the Army is not entitled to reimbursement from her UIM benefits under 42 U.S.C. § 2651 (a) and 10 U.S.C. § 1071. Warmbrod argues that the UIM

2

provisions of her USAA policy is not a system of compensation under which the Army could be a third-party beneficiary because, under Texas Insurance Code § 1952.106, her UIM coverage is a contract between herself and USAA and gives her a legal right to recover for bodily injury and property damage. In Issue Two, Warmbrod complains that she is entitled to be "made whole" before her UIM benefits are paid to the Army. In Issues Three and Four, Warmbrod alleges that under the Fifth Amendment of the United States Constitution and Article 1 § 17 of the Texas Constitution, the trial court's summary judgment amounted to a taking of her private property without due process of law.

### *Standard of Review*

We review a trial court's summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Summary judgment is appropriate when the moving party shows there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Scown v. Neie*, 225 S.W.3d 303, 307 (Tex.App. – El Paso 2006, pet. denied). When reviewing a motion for summary judgment, we must assume all of the evidence favorable to the non-movant is true, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in favor of the non-movant. *Edwards v. Mesa Hills Mall Co. Ltd. Partnership,* 186 S.W.3d 587, 590 (Tex.App. – El Paso 2006, no pet.). Where the trial court does not specify the grounds upon which summary

3

judgment is granted, as in this case, we must affirm if any of the grounds are meritorious. *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

## *Analysis*

Warmbrod contends that the trial court erred by granting USAA summary judgment because under the Federal Medical Care Recovery Act (FMCRA), USAA was not obligated to pay the Army's medical reimbursement claim from her UIM coverage. *See* 42 U.S.C. §§ 2651-2653 (West 2006). USAA takes the position that FMCRA is not applicable to the facts of this case and asserts that, pursuant to 10 U.S.C. § 1095 and the implementing regulations, the Army is entitled to recovery from Warmbrod's UIM coverage.[1]

## **_The FMCRA_**

FMCRA is one of the federal statutes that gives the United States government the authority to recover medical care it provides at its own expense to covered beneficiaries. *See* 42 U.S.C. §§ 2651-53. In relevant part, FMCRA provides:

(a) Conditions; exceptions; persons liable; amount of recovery; subrogation; assignment

In any case in which the United States is authorized or required by law to furnish or pay for hospital, medical, surgical or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person (other than or in addition to the United States and except employers of seamen treated under the provisions of section 249 of this title) to pay damages therefor, the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person, or that person's insurer, the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished, to be furnished, paid for, or

---

[1] The Army's correspondence to USAA cites both 10 U.S.C. § 1095 and the FMCRA as the authority under which it asserts its claim against Warmbrod's UIM coverage under the automobile policy provided by USAA.

to be paid for. The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, as appropriate, to assign his claim or cause of action against the third person to the extent of that right or claim.

42 U.S.C. § 2651(a). FMCRA gives the United States government an independent right to recover the reasonable value of medical care incurred under circumstances creating tort liability upon some third person. *See United States v. Haynes*, 445 F.2d 907, 909-10 (5th Cir. 1971); 42 U.S.C. § 2651(a). Therefore, Section 2651 governs collection from a third-party tortfeasor. 42 U.S.C. § 2651. However, the United States government does not have a right to first party insurance proceeds under FMCRA. *See Government Employees Ins. Co. v. Andujar*, 773 F. Supp. 282, 286 (D. Kan. 1991) (holding that the United States did not have a right to uninsured underinsured motorist (UI/UIM) proceeds under FMCRA). Under state law, the United States government is a proper claimant against UI/UIM coverage pursuant to the insurance contract. *United States v. Government Employees Inc. Co*., 440 F.2d 1338 (5th Cir. 1971); *see also United States v. Allstate Ins. Co*., 910 F.2d 1281, 1283-84 (5th Cir. 1990) (under state law, the United States can recover as a third-party beneficiary to the insurance contract). As neither Warmbrod nor USAA were third-party tortfeasors, the Army cannot recover under FMCRA on any settlement from the UIM coverage of Warmbrod's auto policy.

### *Section 1095*

We next consider whether the United States Army has a valid reimbursement claim pursuant to 10 U.S.C. § 1095. In relevant part, Section 1095 provides:

Health care services incurred on behalf of covered beneficiaries: collection from third-party payers

5

> In the case of a person who is a covered beneficiary, the United States shall have the right to collect from a third-party payer reasonable charges for health care services incurred by the United States on behalf of such person through a facility of the uniformed services to the extent that the person would be eligible to receive reimbursement or indemnification from the third-party payer if the person were to incur such charges on the person's own behalf. If the insurance, medical service, or health plan of that payer includes a requirement for a deductible or copayment by the beneficiary of the plan, then the amount that the United States may collect from the third-party payer is a reasonable charge for the care provided less the appropriate deductible or copayment . . . .

10 U.S.C. § 1095(a)(1) (West 2003). The United States has a right to collect reasonable medical care costs rendered at its expense to a covered beneficiary under both Section 1095 and FMCRA. 32 C.F.R. § 220.11(b). The FMCRA does not purport to limit any other law authorizing the United State government to recover the costs of medical care rendered at its expense as set forth in 42 U.S.C. § 2651. *See* 42 U.S.C. § 2653. If a medical care recovery claim is brought under the concurrent authority of the FMCRA and Section 1095, the United States' right to collect is governed by Section 1095 and the implementing regulations. 57 Fed. Reg. 41096 (1992).

Under Section 1095, the corollary to FMCRA, the United States government has the right to collect reasonable medical expenses for the care it provided at government expense from third-party payers. *See* 10 U.S.C. § 1095(a)(1). Moreover, Section 1095 limits its definition of "third-party payer" to that section of the United States Code. *See* 10 U.S.C. § 1095(h)(1). Section 1095 also reaffirms that collection from a third-party tortfeasor is governed by 42 U.S.C. § 2651. *See* 10 U.S.C. § 1095(i)(2).

Section 1095 defines a third-party payer as:

> [A]n entity that provides an insurance, medical service, or health plan by contract or agreement, including an automobile liability insurance or no fault insurance carrier, and any other plan or program that is designed to provide compensation or coverage for expenses incurred by a beneficiary for health care services or

6

> products. Such term also includes entities described in subsection (j) under the terms and to the extent provided in such subsection.

10 U.S.C. § 1095(h)(1). The plain language of 10 U.S.C. § 1095 is clear that the United States' right to reimbursement from third-party payers includes reimbursement from automobile insurers. *See* 10 U.S.C. § 1095(h)(1). USAA is a third-party payer under Section 1095, as it is an entity that provides automobile liability insurance to Warmbrod. In essence, Section 1095 authorizes the United States' claims for recovery in states with no-fault statutes and against the MedPay, UI/UIM, personal injury protection portions of the injured party's insurance as well as Medicare supplemental insurance. *See United Services Auto. Ass'n v. Perry*, 102 F.3d 144 (5th Cir. 1996); *see also* 10 U.S.C. § 1095(h)(1), (2); 32 C.F.R. § 220.14.

Warmbrod contends that the Secretary of Defense's regulations implementing 10 U.S. C. § 1095 impermissibly extend the definition of automobile liability insurance to include UI/UIM coverage. *See* 32 C.F.R. § 220.14. When reviewing a federal agency's construction of a statute, we first look to see if Congress has directly addressed the question at issue. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781 (1984). If Congress has directly answered the question at issue and its intent is clear, the inquiry is over and we must give effect to the express intent of Congress as must the federal agency tasked with administering the statute. *Id*. at 842-43. However, if Congress has not directly addressed the issue and the statute is silent or ambiguous, we must determine whether or not the agency's interpretation is a permissible construction of the statute. *Id.* at 843. We need not conclude that the agency's construction was the only permissible construction it could have adopted to uphold the agency's construction of the statute. *Id.*

The federal regulations promulgated by the Secretary of Defense pursuant to Section 1095

state that "automobile liability insurance" means:

> [I]nsurance against legal liability for health and medical expenses resulting from personal injuries arising from operation of a motor vehicle. Automobile liability insurance includes:
>
> (1) Circumstances in which liability benefits are paid to an injured party only when the insured party's tortious acts are the cause of the injuries; and
>
> (2) Uninsured and underinsured coverage, in which there is a third party tortfeasor who caused the injuries (i.e., benefits are not paid on a no-fault basis), but the insured party is not the tortfeasor.

32 C.F.R. §§ 220.14, 220.14 (1)-(2). Having already determined that USAA is a third-party payer under the statute, we next look to see if Congress has directly addressed the question of what constitutes "automobile liability insurance." While Section 1095 itself does not define the term "automobile liability insurance," the legislative history of the 1990 amendments of Section 1095 suggest that Congress intended to enlarge the scope of the original statute and to expand the definition of "third-party payer" in order to enlarge the government's medical care collection recovery. *United States v. United Services Auto. Ass'n*, 5 F.3d 204, 208 (7th Cir. 1993). Under the original definition of Section 1095, automobile insurers were not considered third-party payers, but under the statutory amendments the United States would now be able to collect from automobile insurance policies. *Id.*

Under the Texas Insurance Code, UI/UIM coverage is defined as "the provisions of an automobile liability insurance policy . . . ." TEX. INS. CODE ANN. § 1952.101(a) (West 2009); *see also Howard v. INA County Mut. Ins. Co*., 933 S.W.2d 212, 218 (Tex. App. – Dallas 1996, writ denied) (every automobile liability insurance policy delivered in Texas includes UI/UIM coverage by operation of law). Based on the plain language of the statute, the legislative history, and the above definition of UI/UIM coverage, we find that the 32 C.F.R. § 220.14 is a permissible

construction of the statute.   We find no error as the United States Army has a valid claim against the UIM portion of Warmbrod's automobile policy as the government's authority to recover is derived from Section 1095 and the implementing regulations.   *See* 10 U.S.C. § 1095; 32 C.F.R. § 220.14.

In conclusion, Warmbrod failed to demonstrate the existence of a genuine issue of material fact which precluded traditional summary judgment in favor of USAA.   Issue One is overruled. Because we conclude that the United States Army has a right to proceed against Warmbrod's UIM coverage under 10 U.S.C. § 1095, we need not address Warmbrod's remaining issues.   *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

## CONCLUSION

We affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

April 11, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

9